Docusign Envelope ID: 9F411536-AE05-83BF-8331-1DF155AF6489

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*,<br><br>　　　　　　*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br><br>　　　　　　*Defendants*. | Case Nos. 26-cv-436-MSM-AEM<br>　　　　　26-cv-439-MSM-AEM<br><br>District Judge Mary S. McElroy<br>Magistrate Judge Amy E. Moses |
| STATE OF WASHINGTON, *et al*.,<br><br>　　　　　　*Plaintiffs*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al*.,<br><br>　　　　　　*Defendants.* | |

## DECLARATION OF CAITLYN MCKENNEY

I, Caitlyn McKenney, make the following declaration, as provided by Section 1746 of Title 28 of the United States Code. I am aware that this declaration will be filed in the above captioned civil actions currently pending in the U.S. District Court for the District of Rhode Island. I hereby certify that:

1. I am the Deputy Assistant Secretary for the Office of Special Needs of U.S. Department of Housing and Urban Development (HUD). I have held this position since January 2026.

2. The statements contained in this declaration are based upon my personal knowledge and upon information provided to me in my official capacity.

3. On August 7, 2026, this Court entered an order granting in part Plaintiffs' motion for summary judgment. ECF 34, *Nat'l All. to End Homelessness, et al. v. HUD, et al.*, 1:26-cv-00436 (D.R.I); ECF 41, *State of Washington, et al. v. HUD, et al.*, 1:26-cv-00439 (D.R.I.). The order set aside, in its entirety, the Fiscal Year (FY) 2026 Continuum of Care (CoC) Notice of Funding Opportunity (NOFO).

4. HUD is required to make award for the CoC Program by December 1, 2026. Pub. L. No. 119-75, div. D, tit. II, 140 Stat. 173, 400 (2026 Appropriations Act). The Court's vacatur prevents HUD from issuing awards or funds to any CoC applicant for FY 2026 until a new NOFO is issued and HUD completes the competition process.

5. The harm from the vacatur is that, should HUD prevail on appeal while the vacatur remains in effect, it would be unable to reissue the NOFO, provide applicants time to apply under the NOFO, review applications, and make awards by December 1, 2026. HUD is required to make a NOFO available for at least 30 days absent an emergency

1

waiver. 42 U.S.C. § 3545(a)(3); 2 C.F.R. § 200.204(b). HUD, however, has for practical reasons provided applicants with 90–120 days to submit applications under the NOFO. This is because the CoC program starts with local organizations competing to have their projects selected by the local CoC. The local CoC then reviews, ranks, and selects projects, and then develops a priority listing and includes the listing and the projects in a single consolidated application that it submits to HUD on behalf of their communities. In total, the consolidated application submitted to HUD has three components: the CoC application, the project applications (submitted by individual local organizations), and the priority listing. Historically, this competition and application process has taken 90–120 days. HUD typically receives around 400 consolidated applications.

6.  HUD must then individually review each application. This includes not only the approximately 400 CoC consolidated applications, but also roughly 8,000 new and renewal project applications within these consolidated applications. This process requires HUD to (1) review each of the thousands of applications individually to ensure that they complete and meet eligibility and threshold requirements; (2) conduct a risk analysis for each project, which can entail research and consultation into multiple risk factors; (3) score each CoC application according to the criteria laid out in the NOFO; (4) assign tiers for applications by their scores, review budgets, and calculate estimated award amounts; and (5) conduct quality assurance and quality control throughout these steps and obtain the required sign-off from HUD, OMB, and Congress to announce awards.

Docusign Envelope ID: 9F411536-AE05-83BF-8331-1DF165AF6489

7. In recent years, this review process has taken 4–6 months, although it took only 79 days for the FY 2024 competition. And even those 4–6 months occurred under circumstances where roughly 90% of awards went to renewals and thus required less review.

8. When HUD published the FY26 CoC NOFO on June 1, it set the deadline for applications as August 26 in order to give applicants approximately 90 days to apply and HUD approximately 90 days to review applications. HUD expects that its review will require no less than 90 days: the FY 2026 NOFO is intended to invite an unprecedented number of new projects, which require closer review.

9. Even so, with a stay of the Court's vacatur, HUD could still meet the December 1 deadline:

   a. The FY 2026 NOFO had an original application deadline of August 26. While HUD is not accepting applications while the NOFO is vacated, HUD would begin accepting again as soon as the vacatur is stayed. Because most CoCs had already completed their local competitions in response to the NOFO and were mere weeks away from submitting their consolidated applications, HUD could set a new deadline of August 31.

   b. Given the congressional deadline and the exigencies of this case, HUD would then marshal as many resources as possible to review applications. HUD could achieve this in the 92 days between August 31 and December 1, but HUD would need every one of those days to have confidence to meet the deadline.

3

c.  This entire process would thus require a total of 101 days. Under this timeline, HUD could still make the December 1 deadline if the vacatur is stayed by August 21.

10. Without a stay by August 21, then, HUD is unlikely to meet the congressionally mandated December 1 deadline to issue awards.

11. HUD and grantees would also likely face 2027 funding lapses. On January 1, 2027, existing CoC grants will begin to expire. There are 608 grants that would expire in the first quarter of 2027, with increasing numbers of grants expiring throughout the rest of the calendar year. Without a stay of the vacatur by August 21, however, HUD could not make the January 1 deadline, and some grantees would begin facing funding gaps. This is because, even after HUD approves a grant for funding, there are multiple budgetary and financial actions that HUD and the Department of Treasury must complete to verify and move the funds so that the grantee may draw them down.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of August 2026, in Los Angeles, California.

Signed by:

*Caitlyn McKenney*

E648B2DDB2A84F0...

Caitlyn McKenney