APPEAL

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: <u>1:26−cv−00436−MSM−AEM</u>

National Alliance to End Homelessness et al v. United States Department of Housing and Urban Development et al
Assigned to: District Judge Mary S. McElroy
Referred to: Magistrate Judge Amy E. Moses
Cause: 05:551 Administrative Procedure Act

Date Filed: 07/02/2026
Date Terminated: 08/07/2026
Jury Demand: None
Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

| | | |
|---|---|---|
| **National Alliance to End Homelessness** | represented by | **Antonia K. Fasanelli**<br>National Homelessness Law Center<br>1400 16th Street, NW<br>Suite 425<br>Washington, DC 20036<br>202−638−2535 ex. 103<br>Email: <u>afasanelli@homelesslaw.org</u><br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Carrie Y. Flaxman**<br>Democracy Forward Foundation<br>PO Box 34553<br>Washington, DC 20001<br>202−448−9090<br>Fax: 202−796−4426<br>Email: <u>cflaxman@democracyforward.org</u><br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Christine L. Coogle**<br>Democracy Forward Foundation<br>P.O. Box 34553<br>Washington, DC 20001<br>202−448−9090<br>Fax: 202−921−4875<br>Email: <u>ccoogle@democracyforward.org</u><br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
| | | **Kevin Love Hubbard**<br>Lawyers' Committee for Rhode Island<br>56 Pine Street<br>Suite 200<br>Providence, RI 02903<br>401−238−3953 |

1

Email: kevin@lawyerscommitteeri.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kristin Bateman**
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
202−935−5245
Email: kbateman@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
Lynette Labinger, Attorney at Law
128 Dorrance Street, Box 710
Providence, RI 02903
401−465−9565
Email: LL@labingerlaw.com
*ATTORNEY TO BE NOTICED*

**Madeline H. Gitomer**
Democracy Forward Foundation
PO Box 34553
Washington, DC 20001
202−448−9090
Fax: 202−796−4426
Email: mgitomer@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
202−455−9060
Email: rthurston@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
Lawyers' Committee for Rhode Island
56 Pine Street
Suite 200
Providence, RI 02903
401−238−3953
Email: amy@lawyerscommitteeri.org
*ATTORNEY TO BE NOTICED*

Plaintiff

| | | |
|---|---|---|
| **National Low Income Housing Coalition** | represented by | **Antonia K. Fasanelli** (See above for address) |

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carrie Y. Flaxman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine L. Coogle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kristin Bateman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Madeline H. Gitomer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Crossroads Rhode Island**                represented by   **Carrie Y. Flaxman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine L. Coogle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

3

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kristin Bateman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Madeline H. Gitomer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Youth Pride, Inc.**                           represented by   **Carrie Y. Flaxman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine L. Coogle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kristin Bateman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

4

**Madeline H. Gitomer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**City of Boston**                          represented by    **Cassandra Crawford**
Public Rights Project
490 43rd Street
Unit # 115
Oakland, CA 94609
510−738−6788
Email: Cassandra.Crawford@publicrightsproject.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham Provost**
Public Rights Project
490 43rd Street
Unit 115
Oakland, CA 94609
(510) 738−6788
Email: graham@publicrightsproject.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayla Svihovec**
Public Rights Project
490 43rd Street, Unit 115
Oakland, CA 94609
(510) 738−6788
Email: kayla.svihovec@publicrightsproject.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Toby Merrill**
Public Rights Project

5

490 43rd Street Unit
Unit 115
Oakland, CA 94609
(510) 738−6788
Email: toby@publicrightsproject.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**City of Cambridge**                    represented by    **Cassandra Crawford**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham Provost**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayla Svihovec**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Toby Merrill**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Martin Luther King, Jr. County**         represented by    **Cassandra Crawford**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Michael Sanders**
401 5th Ave
Ste 800

6

Seattle, WA 98104
206−240−7590
Email: chrsanders@kingcounty.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cristy Craig**
King County Prosecutor's Office
701 Fifth Avenue
Ste 600
Seattle, WA 98104
206−477−1120
Fax: 206−296−0191
Email: cristy.craig@kingcounty.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham Provost**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayla Svihovec**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mika K. Rothman**
King County Executive Office
401 5th Avenue
Ste. 800
Seattle, WA 98104
(206) 263−9600
Email: MRothman@kingcounty.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Toby Merrill**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Metropolitan Government of Nashville & Davidson County**    represented by    **Cassandra Crawford**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham Provost**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John K. Whitaker**
Metropolitan Government of Nashville & Davidson County
P.O Box 196300
Nashville, TN 37219
615−880−3767
Fax: 615−862−6352
Email: john.whitaker@nashville.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kayla Svihovec**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Toby Merrill**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**County of Santa Clara**    represented by    **Kavita Narayan**
Office of the County Counsel, County of Santa Clara
70 W. Hedding St. East Wing, 9th Floor
San Jos, CA 95110
408−299−5900
Fax: 408−292−7240
Email: kavita.narayan@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

8

**Kevin Love Hubbard**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leily Arzy**
Office of the County Counsel, County of Santa Clara
70 W. Hedding St. East Wing, 9th Floor
San Jose, CA 95110
(408) 299−5900
Fax: 408−292−7240
Email: leily.arzy@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Meredith A. Johnson**
Office of the County Counsel, County of Santa Clara
70 W. Hedding St. East Wing, 9th Floor
San Jos, CA 95110
408−299−5900
Fax: 408−292−7240
Email: meredith.johnson@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stefanie Wilson**
Office of the County Counsel, County of Santa Clara
70 W. Hedding St., East Wing, 9th Fl.
San Jose, CA 95110
408−299−5900
Fax: 408−292−7240
Email: stefanie.wilson@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tony LoPresti**
Office of the County Counsel, County of Santa Clara
70 W. Hedding St. East Wing, 9th Floor
San Jos, CA 95110
408−343−9908
Fax: 408−292−7240
Email: tony.lopresti@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**City of Tucson**                    represented by    **Cassandra Crawford**
                                                        (See above for address)
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Graham Provost**
                                                        (See above for address)
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kayla Svihovec**
                                                        (See above for address)
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kevin Love Hubbard**
                                                        (See above for address)
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Toby Merrill**
                                                        (See above for address)
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Amy Retsinas Romero**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States Department of Housing    represented by    Michael Benjamin Bruns**
**and Urban Development**                                  DOJ−Civ
                                                          1100 L St NW
                                                          Washington, DC 20012
                                                          202−514−4011
                                                          Email: michael.bruns@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Defendant**

**Scott Turner**                     represented by    **Michael Benjamin Bruns**
*in his official capacity as Secretary of*             (See above for address)
*the United States Department of*                      *LEAD ATTORNEY*
*Housing and Urban Development*                         *ATTORNEY TO BE NOTICED*

**Defendant**

10

**Office of Management and Budget**          represented by  **Michael Benjamin Bruns**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*


**Defendant**

**Russell Vought**                           represented by  **Michael Benjamin Bruns**
*in his official capacity as Director of*                     (See above for address)
*United States Office of Management*                          *LEAD ATTORNEY*
*and Budget*                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/02/2026 | 1 | COMPLAINT ( filing fee paid $ 405.00, receipt number ARIDC−2304225 ), filed by City of Cambridge, Crossroads Rhode Island, Martin Luther King, Jr. County, County of Santa Clara, National Low Income Housing Coalition, Metropolitan Government of Nashville & Davidson County, Youth Pride, Inc., National Alliance to End Homelessness, City of Tucson, City of Boston. (Attachments: # 1 Civil Cover Sheet, # 2 HUD Summons, # 3 Turner Summons, # 4 OMB Summons, # 5 Vought Summons, # 6 USAO Summons, # 7 AG Summons)(Romero, Amy) (Entered: 07/02/2026) |
| 07/02/2026 | 2 | Corporate Disclosure Statement by City of Boston, City of Cambridge, City of Tucson, County of Santa Clara, Crossroads Rhode Island, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 07/02/2026) |
| 07/02/2026 | 3 | MOTION for Kristin Bateman to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2304239 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 07/02/2026) |
| 07/02/2026 |  | CASE CONDITIONALLY ASSIGNED to District Judge Mary S. McElroy and Magistrate Judge Amy E. Moses. Related Case Numbers 25−cv−626 and 25−cv−636 based upon the indication on the cover sheet that a related case previously was assigned to the presiding judge. The assignment is subject to the presiding judge's determination that the cases, in fact, are related. (Hill, Cherelle) (Entered: 07/02/2026) |
| 07/02/2026 | 4 | CASE OPENING NOTICE ISSUED (Hill, Cherelle) (Entered: 07/02/2026) |
| 07/02/2026 | 5 | Summons Issued as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Office of Management and Budget Summons, # 2 Russell Vought Summons, # 3 Scott Turner, # 4 United States Department of Housing and Urban Development Summons, # 5 USAO Summons)(Hill, Cherelle) (Entered: 07/02/2026) |
| 07/02/2026 |  | TEXT ORDER granting 3 Motion to Appear Pro Hac Vice of Kristin Bateman. So Ordered by District Judge Mary S. McElroy on 7/2/2026. (Hill, Cherelle) (Entered: 07/02/2026) |
| 07/02/2026 | 6 | NOTICE of Appearance by Lynette J. Labinger on behalf of Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc. (Labinger, Lynette) (Entered: 07/02/2026) |
| 07/02/2026 | 7 | |

11

| | | |
|---|---|---|
| | | MOTION *for Stay under 5 U.S.C. 705 and for Preliminary Injunction* filed by All Plaintiffs. **Responses due by 7/16/2026.** (Attachments: # 1 Supporting Memorandum, # 2 Exhibit FY 2026 NOFO, # 3 Exhibit Oliva Declaration)(Bateman, Kristin) (Entered: 07/02/2026) |
| 07/07/2026 | 8 | MOTION for Kevin Love Hubbard to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2305790 ) filed by All Plaintiffs. (Romero, Amy) (Entered: 07/07/2026) |
| 07/07/2026 | 9 | MOTION for Antonia K. Fasanelli to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2305795 ) filed by National Alliance to End Homelessness, National Low Income Housing Coalition. (Romero, Amy) (Entered: 07/07/2026) |
| 07/07/2026 | 10 | MOTION for Kavita Narayan to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2305800 ) filed by County of Santa Clara. (Romero, Amy) (Entered: 07/07/2026) |
| 07/07/2026 | 11 | MOTION for Leily Arzy to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2305810 ) filed by County of Santa Clara. (Romero, Amy) (Entered: 07/07/2026) |
| 07/07/2026 | 12 | MOTION for Meredith A. Johnson to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2305813 ) filed by County of Santa Clara. (Romero, Amy) (Entered: 07/07/2026) |
| 07/07/2026 | 13 | MOTION for Stefanie Wilson to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2305817 ) filed by County of Santa Clara. (Romero, Amy) (Entered: 07/07/2026) |
| 07/07/2026 | 14 | MOTION for Tony LoPresti to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2305821 ) filed by County of Santa Clara. (Romero, Amy) (Entered: 07/07/2026) |
| 07/08/2026 | | TEXT ORDER granting 8 Motion to Appear Pro Hac Vice of Kevin Love Hubbard. So Ordered by District Judge Mary S. McElroy on 7/8/2026. (Gonzalez Gomez, Viviana) (Entered: 07/08/2026) |
| 07/08/2026 | | TEXT ORDER granting 10 Motion to Appear Pro Hac Vice of Kavita Narayan. So Ordered by District Judge Mary S. McElroy on 7/8/2026. (Gonzalez Gomez, Viviana) (Entered: 07/08/2026) |
| 07/08/2026 | | TEXT ORDER granting 11 Motion to Appear Pro Hac Vice of Leily Arzy. So Ordered by District Judge Mary S. McElroy on 7/8/2026. (Gonzalez Gomez, Viviana) (Entered: 07/08/2026) |
| 07/08/2026 | | TEXT ORDER granting 12 Motion to Appear Pro Hac Vice of Meredith A. Johnson. So Ordered by District Judge Mary S. McElroy on 7/8/2026. (Gonzalez Gomez, Viviana) (Entered: 07/08/2026) |
| 07/08/2026 | | TEXT ORDER granting 13 Motion to Appear Pro Hac Vice of Stefanie Wilson. So Ordered by District Judge Mary S. McElroy on 7/8/2026. (Gonzalez Gomez, Viviana) (Entered: 07/08/2026) |
| 07/08/2026 | | TEXT ORDER granting 14 Motion to Appear Pro Hac Vice of Tony LoPresti. So Ordered by District Judge Mary S. McElroy on 7/8/2026. (Gonzalez Gomez, Viviana) (Entered: 07/08/2026) |

| 07/08/2026 | 15 | MOTION for Carrie Y. Flaxman to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2306485 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 07/08/2026) |
|---|---|---|
| 07/08/2026 | 16 | MOTION for Christine L. Coogle to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2306487 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 17 | MOTION for Madeline H. Gitomer to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2306488 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 18 | MOTION for Robin F. Thurston to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2306490 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 19 | MOTION for Cassandra Crawford to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2306547 ) filed by City of Boston, City of Cambridge, City of Tucson, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 20 | MOTION for Christopher Sanders to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2306548 ) filed by Martin Luther King, Jr. County. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 21 | MOTION for Cristy J. Craig to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2306553 ) filed by Martin Luther King, Jr. County. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 22 | MOTION for Graham Provost to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2306555 ) filed by City of Boston, City of Cambridge, City of Tucson, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 23 | MOTION for John K. Whitaker to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2306556 ) filed by Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 24 | MOTION for Kayla Svihovec to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2306558 ) filed by City of Boston, City of Cambridge, City of Tucson, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 25 | MOTION for Mika Rothman to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2306563 ) filed by Martin Luther King, Jr. County. (Romero, Amy) (Entered: 07/08/2026) |
| 07/08/2026 | 26 | MOTION for Toby Merrill to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2306565 ) filed by City of Boston, City of Cambridge, City of Tucson, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 07/08/2026) |

| | | |
|---|---|---|
| 07/09/2026 | | TEXT ORDER granting 9 Motion to Appear Pro Hac Vice of Antonia K. Fasanelli. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 15 Motion to Appear Pro Hac Vice of Carrie Y. Flaxman. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 16 Motion to Appear Pro Hac Vice of Christine L. Coogle. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 17 Motion to Appear Pro Hac Vice of Madeline H. Gitomer. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 18 Motion to Appear Pro Hac Vice of Robin F. Thurston. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 19 Motion to Appear Pro Hac Vice of Cassandra Crawford. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 20 Motion to Appear Pro Hac Vice of Christopher Michael Sanders. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 21 Motion to Appear Pro Hac Vice of Cristy Craig. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 22 Motion to Appear Pro Hac Vice of Graham Provost. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 23 Motion to Appear Pro Hac Vice of John K. Whitaker. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 24 Motion to Appear Pro Hac Vice of Kayla Svihovec. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 25 Motion to Appear Pro Hac Vice of Mika Rothman. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | | TEXT ORDER granting 26 Motion to Appear Pro Hac Vice of Toby Merrill. So Ordered by District Judge Mary S. McElroy on 7/9/2026. (Gonzalez Gomez, Viviana) (Entered: 07/09/2026) |
| 07/09/2026 | 27 | Joint MOTION for Scheduling Order and to Waive Statements of Undisputed Facts filed by All Plaintiffs. **Responses due by 7/23/2026.** (Romero, Amy) (Entered: 07/09/2026) |
| 07/09/2026 | 28 | |

14

| | | |
|---|---|---|
| | | NOTICE of Appearance by Michael Benjamin Bruns on behalf of All Defendants (Bruns, Michael) (Entered: 07/09/2026) |
| 07/10/2026 | | TEXT ORDER granting 27 Joint MOTION for Scheduling Order and to Waive Statements of Undisputed Facts. So Ordered by District Judge Mary S. McElroy on 7/10/2026. (Potter, Carrie) (Entered: 07/10/2026) |
| 07/13/2026 | 29 | NOTICE by Office of Management and Budget, Scott Turner, United States Department of Housing and Urban Development, Russell Vought *of production of Administrative Record* (Attachments: # 1 Exhibit Index, # 2 Exhibit Certification)(Bruns, Michael) (Entered: 07/13/2026) |
| 07/17/2026 | 30 | MOTION for Partial Summary Judgment *and/or*, MOTION for Preliminary Injunction *and Stay Under 5 U.S.C. 705* filed by All Plaintiffs. **Responses due by 7/31/2026.** (Attachments: # 1 Supporting Memorandum, # 2 Appendix Appendix of Challenged Conditions, # 3 Exhibit Excerpts of Administrative Record, # 4 Exhibit Oliva (NAEH) Decl., # 5 Exhibit Willis (NLIHC) Decl., # 6 Exhibit Wilcox (Crossroads) Decl., # 7 Exhibit Frazier (YPI) Decl., # 8 Exhibit Dillon (Boston) Decl., # 9 Exhibit Margargee (Cambridge) Decl., # 10 Exhibit Jackson (MLK County) Decl., # 11 Exhibit Calvin (Nashville) Decl., # 12 Exhibit Kaminski (Santa Clara County) Decl., # 13 Exhibit Chanecka (Tucson) Decl.)(Bateman, Kristin) (Entered: 07/17/2026) |
| 07/20/2026 | 31 | AFFIDAVIT of Service, filed by City of Cambridge, Crossroads Rhode Island, Martin Luther King, Jr. County, County of Santa Clara, National Low Income Housing Coalition, Metropolitan Government of Nashville & Davidson County, Youth Pride, Inc., National Alliance to End Homelessness, City of Tucson, City of Boston *Affidavit of Service (HUD)* All Defendants. (Attachments: # 1 Affidavit Affidavit of Service (Turner), # 2 Affidavit Affidavit of Service (OMB), # 3 Affidavit Affidavit of Service (Vought), # 4 Affidavit Affidavit of Service (Attorney General), # 5 Affidavit Affidavit of Service (USAO))(Bateman, Kristin) (Entered: 07/20/2026) |
| 07/24/2026 | 32 | Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment, or in the alternative, Preliminary Injunction* filed by All Defendants. **Responses due by 8/7/2026.** (Bruns, Michael) (Entered: 07/24/2026) |
| 07/31/2026 | 33 | RESPONSE In Opposition to 32 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment, or in the alternative, Preliminary Injunction and REPLY In Support of Plaintiffs' Motion for Partial Summary Judgment and/or Preliminary Relief* filed by All Plaintiffs. **Replies due by 8/7/2026.** (Attachments: # 1 Exhibit Consolidated Excerpts of Administrative Record, # 2 Exhibit Suppl. Oliva Decl.)(Bateman, Kristin) (Entered: 07/31/2026) |
| 08/07/2026 | 34 | MEMORANDUM AND ORDER GRANTING IN PART AND DENYING PART 30 Plaintiffs' Motion for Summary Judgment and DENYING IN PART AND GRANTING IN PART 32 Defendants' Cross−Motion for Summary Judgment. The Court therefore sets aside HUD's issuance of the 2026 NOFO in its entirety as violative of the APA. The Court, however, denies Plaintiffs' request for a permanent injunction. Because, as described above, the Court concludes that the 2026 NOFO may not proceed based on its procedural infirmity, it obviates the need for the Court to rule on the other aspects of the parties' motions at this time.. So Ordered by District Judge Mary S. McElroy on 8/7/2026. (Simoncelli, Michael) (Entered: 08/07/2026) |
| 08/07/2026 | 35 | JUDGMENT. So Ordered by Clerk of Court on 8/7/2026. (Simoncelli, Michael) (Entered: 08/07/2026) |

15

| 08/13/2026 | 36 | NOTICE OF APPEAL by Office of Management and Budget, Scott Turner, United States Department of Housing and Urban Development, Russell Vought as to 34 Memorandum and Order,, (No fee paid, USA, Waived by Statute, or IFP.)<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at  http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 8/20/2026. (Bruns, Michael) (Entered: 08/13/2026) |
| --- | --- | --- |
| 08/13/2026 | 37 | Emergency MOTION to Stay re 34 Memorandum and Order,, *relief requested by August 17, 2026* filed by All Defendants. **Responses due by 8/27/2026.** (Attachments: # 1 Affidavit Caitlyn McKenney)(Bruns, Michael) (Entered: 08/13/2026) |
| 08/13/2026 | | TEXT ORDER. Before the Court is Defendants' Combined Emergency Motion for a Stay of the Summary Judgment Order Pending Appeal (ECF No. 37 ). The Court has considered the arguments contained in Defendants' Motion. When evaluating whether to stay an order pending an appeal, the Court must consider: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Does 1−3 v. Mills*, 39 F.4th 20, 24 (1st Cir. 2022) (cleaned up). The Court concludes that Defendants have not met the aforementioned standard. Most notably, the Court determines that its issuance of a stay is not warranted based on the Defendants' failure to present the Court with a new, previously−unrejected basis on which they will likely succeed on the merits. Moreover, the Court determines that Defendants lack a cognizable harm in seeking to uphold agency action that the Court has set aside as violative of the law. *See Woonasquatucket River Watershed Council v. United States Dept of Agric.*, 778 F. Supp. 3d 440, 447 (D.R.I. 2025) ("[A]n agency is not harmed by an order prohibiting it from violating the law") (cleaned up). As a result, the Court DENIES Defendants' Combined Emergency Motion for a Stay of the Summary Judgment Orders Pending Appeal, (ECF No. 37 ). So Ordered by District Judge Mary S. McElroy on 8/13/2026. (Potter, Carrie) (Entered: 08/13/2026) |

16

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*, | Case No. 26-cv-436-MSM-AEM |
| *Plaintiffs*, | |
| v. | District Judge Mary S. McElroy |
| | Magistrate Judge Amy E. Moses |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | |
| *Defendants*. | |

**NOTICE OF APPEAL**

PLEASE TAKE NOTICE that all Defendants hereby appeal to the United States Court of Appeals for the First Circuit from this Court's August 7, 2026, Order on Plaintiffs' Motion for Summary Judgment (ECF No. 34).

DATED: August 13, 2026                    Respectfully submitted,

BRETT A.  SHUMATE
Assistant Attorney General

AMBER RICHER
Assistant Branch Director

*/s/ Michael Bruns*
MICHAEL BRUNS
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
michael.bruns@usdoj.gov

*Counsel for Defendants*

1

**Certificate of Service**

I hereby certify that, on August 13, 2026, I filed the foregoing document through this Court's Electronic Case Filing (ECF) system, thereby serving it upon all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 304.


/s/ Michael Bruns

Michael Bruns

Trial Attorney

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.,* | ) ) ) ) | |
| Defendants. | ) ) | |
| NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*, | ) ) ) ) | C.A. Nos. 26-cv-436-MSM-AEM 26-cv-439-MSM-AEM |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court are the parties' Cross-Motions for Summary Judgment. (26-cv-436, ECF Nos. 30, 32; 26-cv-439, ECF Nos. 34, 37.)[1] This Memorandum and Order again resolves two related-but-unconsolidated challenges to action undertaken by the

---

[1] Both sets of Plaintiffs alternatively request a preliminary injunction from this Court. (26-cv-436, ECF No. 30 at 1; 26-cv-439, ECF No. 34 at 1.) Additionally, Plaintiffs in 26-cv-436 only seek partial summary judgment at this time. (26-cv-436, ECF No. 30 at 1.)

United States Department of Housing and Urban Development ("HUD"). Consistent with the prior litigation before this Court, one action involves Plaintiff States, (26-cv-439), and the second involves Plaintiff local governments and nonprofit organizations ("Nonprofit Plaintiffs"), (26-cv-436). Notwithstanding the separate sets of cross-motions for summary judgment, the Court will refer to all Plaintiffs in these cases as "Plaintiffs" and all Defendants as "HUD" with the exception of a limited set of instances where greater specificity is needed.

For the following reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motions for Summary Judgment and GRANTS IN PART and DENIES IN PART HUD's Cross-Motions for Summary Judgment.

## I.    BACKGROUND

This Memorandum and Order assumes the reader's familiarity with this Court's June 29, 2026, Memorandum and Order, which outlined and ultimately vacated HUD's attempt to effectuate a pair of Notices of Funding Opportunity ("NOFOs"). *See Washington v. Dep't of Hous. & Urban Dev.*, C.A. No. 1:25-cv-00626/636-MSM-AEM, 2026 WL 1863886 (D.R.I. June 29, 2026). To recap, the Court's Memorandum and Order provided an overview of: (1) the McKinney-Vento Homeless Assistance Act ("MVA") and its subsequent legislative history; (2) HUD's role in carrying out the congressionally-authorized functions surrounding the solicitation and selection of federal grant recipients through the use of NOFOs; and (3) the MVA's emphasis on—and HUD's recent decision to depart from—the "Housing First" approach to addressing America's homelessness crisis. *Id.* at * 1-2. Ultimately,

2

the Court determined that HUD's prior promulgation of its November 2025 and December 2025 NOFOs violated the Administrative Procedure Act ("APA") based on HUD's arbitrary and capricious action in its issuance of these NOFOs. *Id.* at *3-5.

Following the Court's resolution of Plaintiffs' challenge to HUD's initial attempts to rescind the Housing First policy, Plaintiffs filed these actions seeking to invalidate HUD's issuance of a new NOFO in June of 2026 ("2026 NOFO"). (26-cv-436, ECF No. 1; 26-cv-439, ECF No. 1.) Specifically, Plaintiffs again argue that HUD's issuance of the 2026 NOFO violates the APA, other federal laws, and the Constitution. The alleged defect is the NOFO's departure from the Housing First approach in favor of temporary housing assistance and programs conditioning receipt of housing on beneficiaries' satisfaction of certain criteria. *See generally id.* Critically, Plaintiffs also argue that HUD issued the 2026 NOFO in violation of the APA because it failed to engage in the notice-and-comment process mandated by the MVA. (26-cv-436, ECF No. 1 at 35.)

The Nonprofit Plaintiffs have also brought this action against the Office of Management and Budget ("OMB") and Russell Vought in his official capacity as the OMB's director. 26-cv-436, ECF No. 1 at 9. Plaintiffs take issue with the OMB's decision to allegedly restrict HUD's access to the funds underlying the 2026 NOFO. (ECF No. 1 at 21.) Specifically, Plaintiffs allege that the OMB has issued two "apportionment footnotes" preventing HUD from receiving the funding in conjunction with the 2026 NOFO unless HUD complies with the directives contained in two separate executive orders. *Id.* at 21-22. Aside from Plaintiffs' challenge to the 2026

3

NOFO itself, Plaintiffs contend that these interagency directives between HUD and the OMB violate the APA.[2]  *Id.* at 56-57.

With respect to the content of the 2026 NOFO itself, HUD has maintained its goal of overhauling the Housing First approach and replacing it with programs that emphasize more interim housing solutions and enrollment in services that do not directly relate to providing individuals with shelter.  (26-cv-436, ECF No. 30-3 at 20.) However, HUD has attempted to accomplish this goal in a different manner than it did last year.  That is, while HUD previously attempted to end the Housing First approach by capping the renewal funds that it would make available for permanent housing, the 2026 NOFO attempts to achieve HUD's objective by creating a $1.3 billion "set aside" for new projects that employ the use of transitional housing and that emphasize enrollment in supportive services.  (ECF No. 35-1 at 35-37.)  Plaintiffs allege that this "set aside" will divert a vast amount of the funds previously available for permanent housing into these new, less-effective programs and will result in roughly 97,000 people experiencing homelessness.  (26-cv-436, ECF No. 30-1 at 9.)

Following Plaintiffs' initiation of these actions and their request for preliminary relief, all parties agreed to forgo interim relief and instead move for summary judgment.  (26-cv-436, ECF No 27 at 2.)

---

[2] Separately, Nonprofit Plaintiffs challenged HUD's alleged failure to inform them of their "pro rata estimated grant amount" associated with the 2026 NOFO in violation of 42 U.S.C. § 11386a(b)(2)(A).  However, HUD appears to have provided Plaintiffs with this information after the initial filing of this action and Plaintiffs now concede that they no longer seek a ruling on this issue.  (ECF No. 33 at 44.)

4

## II.    SUMMARY JUDGMENT STANDARD

A court will grant a litigant's motion for summary judgment when a genuine dispute of material fact does not exist, and the movant demonstrates their entitlement to judgment as a matter of law. *Viscito v. Nat'l Plan. Corp.*, 34 F.4th 78, 83 (1st Cir. 2022). When parties file cross-motions for summary judgment, the court will review each motion separately and will respectively draw both facts and inferences in favor of the non-moving party. *Scottsdale Ins. v. United Rentals (N. Am.), Inc.*, 977 F.3d 69, 72 (1st Cir. 2020). Notwithstanding these procedural steps, courts apply an alternative framework on summary judgment in the context of an APA claim. In such cases, summary judgment provides the court with the ability to engage in a more exacting review of the merits underlying an alleged APA violation. *See Bos. Redevelopment Auth. v. Nat'l Park Serv.*, 838 F.3d 42, 47 (1st Cir. 2016). As a result, the reviewing court will not engage in the typical task of identifying factual disputes but will instead scrutinize the administrative record in order to reach a conclusion on whether the relevant agency's actions violated the APA. *Id.*

## III.    DISCUSSION

The Court's review of the record and the parties' arguments reveal that HUD's issuance of the 2026 NOFO violates the APA based on HUD's failure to engage in the notice-and-comment process required by the MVA. *See* 5 U.S.C. § 706(2)(D) (mandating that a reviewing court set aside agency action made "without observance of procedure required by law"). Based on the Court's determination that HUD issued the 2026 NOFO in a procedurally invalid manner, the Court declines to address the

5

remainder of Plaintiffs' challenges to either the 2026 NOFO itself or OMB's alleged unlawful obstruction of funding. *See Campanale & Sons, Inc. v. Evans*, 311 F.3d 109, 121 n.15 (1st Cir. 2002) (declining to review the substantive challenges to an agency's action after finding issues with its procedural validity).

Among the many provisions governing HUD's conduct, 42 U.S.C. § 11386b provides the framework for HUD's ability to incentivize certain activities and set aside funding for priorities that it deems worthy of extra resources. Specifically, 42 U.S.C. § 11386b(d), entitled "Incentives for proven strategies," provides in relevant part:

> (1) In general
> The Secretary shall provide bonuses or other incentives to geographic areas for using funding under this part for activities that have been proven to be effective at reducing homelessness generally, reducing homelessness for a specific subpopulation, or achieving homeless prevention and independent living goals as set forth in section 11386a(b)(1)(F) of this title.
>
> (2) Rule of construction
> For purposes of this subsection, activities that have been proven to be effective at reducing homelessness generally or reducing homelessness for a specific subpopulation includes--
> (A) permanent supportive housing for chronically homeless individuals and families;
> (B) for homeless families, rapid rehousing services, short-term flexible subsidies to overcome barriers to rehousing, support services for concentrating on improving incomes to pay rent, coupled with performance measures emphasizing rapid and permanent rehousing and with leveraging funding from mainstream family services such as Temporary Assistance for Needy Families and Child Welfare services; and
> (C) any other activity determined by the Secretary, based on research *and after notice and comment to the public*, to have been proven effective at reducing homelessness generally, reducing homelessness for a specific subpopulation, or achieving homeless prevention and independent living goals as set forth in 11386a(b)(1)(F) of this title.

6

42 U.S.C. § 11386b(d) (emphasis added).

Here, HUD does not dispute that its transition away from the Housing First model falls outside of the first two categories—both of which describe forms of permanent housing. *See* 26-cv-436, ECF No. 32 at 83-87. As a result, the Court determines that HUD's attempt to deemphasize its Housing First approach through the use of its $1.3 billion set aside falls within the third category of activities that governs HUD's ability to create incentives and allocate funding for eligible activities. *See* 42 U.S.C. § 11386b(d)(2)(C). As outlined above, this subsection clearly requires HUD to engage in a public notice-and-comment process as understood within the context of the APA. *Id.* Therefore, the Court determines that HUD violated the APA's requirement to observe proper procedures as required by law when it issued the 2026 NOFO without first engaging in the public notice-and-comment procedure required by the MVA. *See* 5 U.S.C. § 706(2)(D). As a result, this Court must set aside the 2026 NOFO in its entirety.

Nevertheless, HUD resists the Court's conclusion and offers three primary justifications why 42 U.S.C. § 11386b(d) does not require it to engage in the public notice-and-comment process. The Court determines that each of HUD's arguments fail to alter the Court's conclusion.

First, HUD contends that the $1.3 billion set aside does not qualify as a bonus or an incentive as contemplated by the MVA. (ECF No. 32 at 63.) The Court rejects the idea that creating a separate category of funding that exceeds one billion dollars does not "incentivize" potential grant recipients to prepare applications that would

7

allow it to receive this funding. HUD's decision to set aside this colossal amount of grant funding undoubtedly incentivizes grantees to conform their CoC programs to HUD's goals in order to obtain a realistic chance of obtaining this funding.

Next, HUD offers up its own tortured reading of 11386b(d)(2) to argue that it affords HUD's Secretary with discretion to create new programs that fall outside of the notice-and-comment requirement. *Id.* at 83-85. HUD argues that Congress should have used more explicit language cabining its discretion if it intended for HUD to function in this manner. *Id.* However, the Court rejects HUD's attempt to create an unorthodox reading of the MVA here when the statute's plain and ordinary meaning directs HUD to engage in a public notice-and-comment process after it decides to incentivize "any other activity" outside of the two specified types of permanent housing described before it. 42 U.S.C. § 11386b(d)(2)(C); *see United States v. Gordon*, 875 F.3d 26, 33 (1st Cir. 2017) ("If a statute's plain meaning supplies a plausible interpretation, the inquiry is often at an end.").

Finally, HUD attempts to argue that it *did* in fact engage in a form of soliciting public notice and comment and that it therefore complied with the procedure required by the MVA. (ECF No. 32 at 84-85.) HUD argues that, through the use of public announcements, it informed the public in a more general sense of its intent to overhaul the Housing First approach to combating homelessness and that events subsequently took place where it had the opportunity to receive feedback from the public. *Id.* As the Court expects HUD is well aware, the term notice and comment invokes a concrete set of rules that require administrative agencies to receive

8

feedback from members of the public in a structured, more formalized setting than their argument would otherwise suggest. *See, e.g.*, *Perez v. Mort. Bankers Ass'n*, 575 U.S. 92, 96 (2015) (noting that the notice-and-comment process involves providing "interested persons an opportunity to participate in the rule making through submission of written data, views or arguments.") (citing 5 U.S.C. § 553). HUD's specious argument that the MVA provides it with the ability to engage in some vague, undefined, and informal version of the notice-and-comment process lacks even marginal support from the text, structure, or history of the MVA. As a result, the Court concludes that HUD's issuance of the 2026 NOFO took place in a procedurally invalid manner in violation of § 706(2)(D) of the APA and that, based on this structural defect, the Court must set aside the 2026 NOFO in its entirety.

While the Court determines that it must vacate HUD's issuance of the 2026 NOFO, it rejects Plaintiffs' request for a permanent injunction against HUD's *future* implementation of the conditions contained within the 2026 NOFO. Although HUD may attempt to issue yet another NOFO that contains these conditions after undergoing the requisite notice-and-comment process, the speculative nature of this potential future harm does not permit the Court to provide the "drastic remedy" of a permanent injunction. *See Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010) ("If a less drastic remedy (such as partial or complete vacatur of [an agency's] … decision) [is] sufficient to redress respondent's injury, no recourse to the additional and extraordinary relief of an injunction [is] warranted.").

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motions for Summary Judgment and DENIES IN PART and GRANTS IN PART HUD's Cross-Motions for Summary Judgment.  (26-cv-436, ECF Nos. 30, 32; 26-cv-439, ECF Nos. 34, 37.)  The Court therefore sets aside HUD's issuance of the 2026 NOFO in its entirety as violative of the APA.  The Court, however, denies Plaintiffs' request for a permanent injunction.  Because, as described above, the Court concludes that the 2026 NOFO may not proceed based on its procedural infirmity, it obviates the need for the Court to rule on the other aspects of the parties' motions at this time.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

August 7, 2026

10

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) |
| DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.,* | ) |
| Defendants. | ) |
| NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*, | ) C.A. Nos. 26-cv-436-MSM-AEM |
| | ) 26-cv-439-MSM-AEM |
| Plaintiffs, | ) |
| v. | ) |
| DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | ) |
| Defendants. | ) |

### JUDGMENT

This action came to be heard before the Court and a decision has been rendered. Upon consideration whereof, it is now hereby ordered, adjudged, and decreed as follows:

Pursuant to this Court's Memorandum and Order entered on August 7, 2026, and in accordance with Fed. R. Civ. P. 58, judgment is hereby entered.

It is so ordered.

August 7, 2026                                     By the Court:

                                                  /s/ Hanorah Tyer-Witek
                                                  Clerk of Court

29