**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

NATIONAL ALLIANCE TO END HOMELESSNESS *et al.*,

*Plaintiffs*,

v.

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT *et al.*,

*Defendants*.

Case No. 26-cv-436-MSM-AEM

**PLAINTIFFS' UNOPPOSED MOTION TO CORRECT THE JUDGMENT**

On August 7, following this Court's resolution of the parties' cross-motions for partial summary judgment, a final judgment issued on the docket under Federal Rule of Civil Procedure 58. This judgment was issued pursuant to the Court's memorandum and order setting aside the fiscal year (FY) 2026 notice of funding opportunity (NOFO) for the Continuum of Care (CoC) program issued by the Department of Housing and Urban Development (HUD). There remain several claims, however, that the Court has not addressed and that seek relief that the Court has not considered—namely, (1) claims challenging apportionment footnotes issued by the Office of Management and Budget (OMB), which continue to restrict FY 2026 CoC program funding and remain unaffected by the Court's set-aside of HUD's FY 2026 NOFO, and (2) a claim challenging HUD's unreasonable delay in making FY 2025 renewal awards. Accordingly, the judgment issued on August 7 should have been a judgment under Rule 54(b) as to only those claims on which the Court ruled in its partial summary judgment decision, i.e., the claims challenging the FY 2026 NOFO.

In light of this "mistake arising from oversight or omission" in the judgment, Fed. R. Civ. P. 60(a), Plaintiffs respectfully ask the Court to correct the August 7 judgment by clarifying that

the Court directs a judgment under Rule 54(b) as to only those claims that the Court has considered and resolved. Because an appeal from the Court's judgment is currently pending, Plaintiffs seek, as an initial matter, an indicative ruling of the Court's intent to correct the judgment upon being given leave from the court of appeals.[1]

Following correction of the judgment, Plaintiffs' claims challenging OMB's apportionment footnotes will remain fully briefed but unresolved. Because the harm to Plaintiffs caused by OMB's action is unaffected by the Court's set-aside of HUD's FY 2026 NOFO, Plaintiffs respectfully ask that the Court resolve those claims.

**A. Final Judgment under Rule 58 Was Issued in Error**

Plaintiffs' complaint in this matter pleads for relief from multiple unlawful actions by Defendants, including both HUD and OMB. Specifically, the relief Plaintiffs seek includes (1) vacatur of and other relief with respect to HUD's FY 2026 NOFO for the CoC program (counts 1–4, 8–11); (2) vacatur of and other relief with respect to two footnotes that OMB appended to the apportionment of funding for Homeless Assistance Grants (counts 6–7, 8–10); and (3) an order compelling HUD to make final awards of FY 2025 funding for the CoC program expeditiously (count 12). Compl. ¶¶ 176–259 & Prayer for Relief (July 2, 2026), ECF No. 1. On July 17, 2026, Plaintiffs moved for partial summary judgment, seeking relief as to the first two of those three items; Plaintiffs have not moved for summary judgment as to the third. *See* Pls.' Mot. for Partial Summ. J. (MSJ) at 2, ECF No. 30.[2]

[1] Counsel for Plaintiffs conferred with counsel for Defendants, who advised that Defendants take no position this motion.

[2] Although Plaintiffs initially moved for relief on count 5, regarding HUD's failure to provide CoCs with statutorily mandated information, HUD provided that information to CoCs after Plaintiffs filed their motion, and Plaintiffs accordingly withdrew their request for relief on that claim. *See* Pls.' Opp'n at 38, ECF No. 33.

On August 7, after the parties' cross-motions for partial summary judgment were fully briefed, the district court issued a memorandum and order granting in part and denying in part each party's motion in both this case and another "related-but-unconsolidated challenge[]" to the FY 2026 NOFO. Mem. & Order at 1, ECF No. 34.[3] The order acknowledged that Plaintiffs here "only seek partial summary judgment at this time," *id.* at 1 n.1, and the only relief that it issued was to "set[] aside HUD's issuance of the 2026 NOFO in its entirety," *id.* at 10. The order did not resolve Plaintiffs' claims against OMB, and setting aside the FY 2026 NOFO does not redress the harm that OMB's footnotes cause Plaintiffs. *See infra* sections B & C. Accordingly, Plaintiffs' claims seeking relief as to (1) the apportionment footnotes and (2) HUD's unreasonable delay in making FY 2025 awards remain unresolved.

That same day, however, final judgment was issued on the docket under Rule 58, "[p]ursuant to this Court's Memorandum and Order entered on August 7." Judgment, ECF No. 35. Because Plaintiffs sought only partial summary judgment and two sets of Plaintiffs' claims remain unresolved, the issuance of that final judgment was an error arising from an oversight or omission.

**B. The Court Should Clarify That the Judgment Is Properly Construed as a Rule 54(b) Certification of Judgment**

"It is axiomatic that courts have the power and the duty to correct judgments . . . which have issued due to inadvertence or mistake." *Am. Trucking Ass'ns v. Frisco Transp. Co.*, 358 U.S. 133, 145 (1958). Rule 60(a) "recognizes this power," *id.*, and permits a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," Fed. R. Civ. P. 60(a). Rule 60(a) thus not

[3] In that related case, the plaintiffs sought relief only as to the FY 2026 NOFO and did not challenge the OMB apportionment footnotes or the FY 2025 renewal delays. *See* Compl., *Washington v. HUD*, No. 26-cv-439 (D.R.I. July 7, 2026), ECF No. 1.

only allows courts "to perform mechanical adjustments to judgments," such as "making a judgment more specific in the face of an original omission," but "also authorizes a court to correct . . . a mistake [that] occurs when there is an inconsistency between the text of an order or judgment and the district court's intent when it entered the order or judgment." *Sartin v. McNair L. Firm PA*, 756 F.3d 259, 265–66 (4th Cir. 2014) (quotation marks omitted); *see also id.* at 266 (collecting cases).

Here, the issuance of a final judgment arose from the oversight or omission of the fact that two sets of claims remain unresolved, pursuant to which Plaintiffs still seek relief. The Court's partial summary judgment memorandum and order made clear its intent to issue relief only as to the FY 2026 NOFO. *See* Mem. & Order at 10. The other two sets of claims are unresolved: the Court's order expressly acknowledged that Plaintiffs sought only partial summary judgment, *id.* at 1 n.1, and it did not address Plaintiffs' claims against OMB. The Court's order stated that it "decline[d] to address" Plaintiffs' challenges to "OMB's alleged unlawful obstruction of funding," on the basis that a court may "declin[e] to review the substantive challenges to an agency's action after finding issues with its procedural validity." *Id.* at 5–6. Although that basis applies to Plaintiffs' other claims challenging HUD's FY 2026 NOFO, it does not apply to the claims challenging the apportionment footnotes, which constitute a separate unlawful action by OMB, not HUD, and which will restrict HUD's award of FY 2026 funds under *any* CoC program NOFO. The proper course is therefore to correct the judgment under Rule 60(a).

In the alternative, to the extent that the lack of resolution of Plaintiffs' claims against OMB is better construed as an error of fact or law, Plaintiffs respectfully request under Rule 59(e) that the Court amend that aspect of its order and judgment for the same reasons. Rule 59(e) allows a party to request a revised judgment on the ground that it was based on a manifest error

of fact or law—here, that setting aside the NOFO redressed the harm to Plaintiffs from the apportionment footnotes. *See Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997).

Instead of a final judgment under Rule 58, a judgment under Rule 54(b) as to only those claims challenging the lawfulness of HUD's 2026 NOFO would be appropriate. Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims." *See Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) (Rule 54(b) "provide[s] a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered on all the claims in the case"). The court may enter judgment under Rule 54(b) if it "expressly determines that there is no just reason for delay" as to the claims that are resolved. Fed. R. Civ. P. 54(b); *see generally Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980) (when making a Rule 54(b) determination, a "district court must first determine that it is dealing with a 'final judgment'" and then "determine whether there is any just reason for delay," taking "into account judicial administrative interests as well as the equities involved"). Here, Plaintiffs do not dispute that a Rule 54(b) certification is appropriate as to their claims seeking a set-aside of HUD's FY 2026 NOFO—relief that this Court granted and from which Defendants have already appealed, *see* ECF No. 36.

Accordingly, Plaintiffs respectfully ask under Rule 60(a)—or, in the alternative, under Rule 59(e)—that the Court correct the judgment entered on August 7 and issue a Rule 54(b) certification of judgment as to only the claims challenging the lawfulness of HUD's 2026 NOFO, which this Court set aside in its August 7 decision. Because Defendants appealed from this Court's partial summary judgment order and that appeal remains pending, Plaintiffs seek in the first instance an indicative ruling by this Court stating that it would grant this motion upon limited remand for that purpose and leave from the court of appeals. *See* Fed. R. Civ. P. 60(a)

("[A]fter an appeal has been docketed in the appellate court and while it is pending, . . . a mistake [in the judgment] may be corrected only with the appellate court's leave.").[4]

**C. The Court Should Resolve the Claims Against OMB**

Finally, after the judgment is corrected to reflect that only the claims against HUD challenging the FY 2026 NOFO have been resolved, Plaintiffs respectfully request that the Court resolve the parties' cross-motions for partial summary judgment as to Plaintiffs' claims against OMB. The parties have fully briefed those claims, *see* Pls.' MSJ at 47–49, 54, ECF No. 30-1; Defs.' Cross-MSJ at 74–77, ECF No. 32; Pls.' Opp'n at 35–38, and the Court has not yet substantively addressed them, *see generally* Mem. & Order at 10 (ruling on only the claim challenging the procedural deficiency of the FY 2026 NOFO, "obviat[ing] the need for the Court" to address the claims challenging the substance of that NOFO).

As Plaintiffs explained in their partial summary judgment briefing, on May 22, 2026—before HUD issued its procedurally deficient NOFO—OMB apportioned approximately $4 billion that Congress appropriated for the CoC program for FY 2026. *See* Pls.' MSJ at 7–9. OMB's apportionment of those funds contained two footnotes that require HUD to adhere to two executive orders imposing ideological and policy restrictions when making awards to CoC program grantees, including Plaintiffs. *See id.* The unlawfulness of those footnotes was not addressed in the Court's August 7 decision. Nor were the harms to Plaintiffs from those footnotes redressed by the set-aside of the FY 2026 NOFO. HUD is statutorily mandated to award the FY 2026 CoC program funds, and OMB's apportionment footnotes restrict those funds

[4] Consistent with this outcome, on appeal, the parties "agree[d]" that, notwithstanding the judgment entered on August 7, the court of appeals has jurisdiction under 28 U.S.C. § 1292(a)(1). Pls.-Appellees' Opp'n to Emergency Stay Pending Appeal at 9 n.4, No. 26-1923 (1st Cir. Aug. 21, 2026). Section 1292 confers jurisdiction over appeals from certain "[i]nterlocutory orders."

in ways that will harm Plaintiffs—under whatever NOFO HUD ultimately implements—because they require HUD to channel funds to grantees who will adhere to the ideological and policy preferences of two executive orders. *See* Pls.' MSJ at 7–9, 47–49. Plaintiffs therefore request partial summary judgment resolving those fully briefed, unresolved claims.

**CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court (1) issue an indicative ruling that the Court would grant this motion and correct the judgment of August 7 to clarify that it is a Rule 54(b) judgment resolving only Plaintiffs' claims against the HUD Defendants challenging the FY 2026 NOFO and, (2) upon being given leave by the court of appeals, grant this motion and correct the judgment accordingly. After that occurs, Plaintiffs respectfully request that the Court issue a ruling on their unresolved claims against OMB.

September 4, 2026

Respectfully submitted,

/s/ *Christine L. Coogle*
Christine L. Coogle *
(DC Bar No. 1738913)
Kristin Bateman *
(DC Bar No. 90037068)
Madeline H. Gitomer *
(DC Bar No. 1023447)
Carrie Y. Flaxman *
(DC Bar No. 458681)
Robin Thurston *
(DC Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
ccoogle@democracyforward.org
kbateman@democracyforward.org
mgitomer@democracyforward.org
cflaxman@democracyforward.org

Amy R. Romero
(RI Bar No. 8262)
Kevin Love Hubbard *
(MA Bar No. 704772)
Lawyers' Committee for Rhode Island
56 Pine Street, Suite 200
Providence, RI 02903
(401) 238-3953
amy@lawyerscommitteeri.org
kevin@lawyerscommitteeri.org

*Counsel for All Plaintiffs*

Toby Merrill *^
(MA Bar No. 601071)
Cassandra Crawford *^
(NC Bar No. 45396)
Graham Provost *^
(DC Bar No. 1780222)

Kayla Svihovec *^
(DC Bar No. 1735588)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
Toby.Merrill@publicrightsproject.org
Cassandra.Crawford@publicrightsproject.org
Graham.Provost@publicrightsproject.org
Kayla.Svihovec@publicrightsproject.org

*Counsel for Plaintiffs City of Boston, City of Cambridge, Martin Luther King, Jr. County, Metropolitan Government of Nashville and Davidson County, City of Tucson*

Tony LoPresti *
(CA Bar No. 289269)
County Counsel
Kavita Narayan *
(CA Bar No. 264191)
Chief Assistant County Counsel
Meredith A. Johnson *
(CA Bar No. 291018)
Lead Deputy County Counsel
Stefanie Wilson *
(CA Bar No. 314899)
Deputy County Counsel
Leily Arzy *
(CA Bar No. 364187)
Litigation Fellow
70 West Hedding Street, East Wing
Ninth Floor
San José, CA 95110-1770
(408) 299-5900
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org
leily.arzy@cco.sccgov.org

*Counsel for Plaintiff County of Santa Clara*

rthurston@democracyforward.org

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

Lynette Labinger
(RI Bar No. 1645)
128 Dorrance Street, Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

Antonia K. Fasanelli *
(DC Bar No. 481856)
National Homelessness Law Center
1400 16th Street, NW, Suite 425
Washington, DC 20036
(202) 638-2535
afasanelli@homelesslaw.org

*Counsel for Plaintiffs National Alliance to End Homelessness and National Low Income Housing Coalition*

Christopher M. Sanders *
(WA Bar No. 47518)
General Counsel to the King County Executive
Cristy J. Craig *
(WA Bar No. 27451)
Senior Deputy Prosecuting Attorney
Mika Rothman *
(WA Bar No. 55870)
Deputy General Counsel

John K. Whitaker *
(TN BPR No. 039207)
Senior Counsel
109 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
john.whitaker@nashville.gov

*Counsel for Plaintiff Metropolitan Government of Nashville and Davidson County*

Office of the King County Prosecuting Attorney
401 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1163
chrsanders@kingcounty.gov
cristy.craig@kingcounty.gov
mrothman@kingcounty.gov

*Counsel for Plaintiff Martin Luther King, Jr. County*

* Admitted *pro hac vice*
^ Admitted in listed states but not licensed to practice law in California.