**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

NATIONAL ALLIANCE TO END HOMELESSNESS *et al.*,

*Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT *et al.*,

*Defendants*.

Case No. 26-cv-436-MSM-AEM

**EXPEDITED RELIEF REQUESTED**

**PLAINTIFFS' AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT AND/OR PRELIMINARY RELIEF**

Plaintiffs hereby submit this amended motion for partial summary judgment and/or preliminary relief[1] to update their request for relief and streamline the claims presented. For the reasons provided in the attached memorandum, which supersedes the prior memorandum submitted in support of Plaintiffs' initial motion (Dkt. No. 30-1), Plaintiffs move for partial summary judgment and/or for preliminary relief on their claims related to the Department of Housing and Urban Development's (HUD's) notice of funding opportunity (NOFO) for FY 2026 Continuum of Care (CoC) funding (FY 2026 NOFO)[2] and associated restrictions that the Office

[1] Plaintiffs and Defendants are discussing a potential agreement that would obviate the need for Plaintiffs to seek preliminary relief. Plaintiffs will withdraw this request for preliminary relief if and when an agreement is reached.

[2] U.S. Dep't of Housing and Urban Dev., *FY 2026 Continuum of Care Competition and Youth Homelessness Demonstration Program Grants NOFO*, No. CPD-2600-DC-0025. HUD issued this NOFO on June 1, 2026, and subsequently amended it twice, with the latest amendment on September 18, 2026. The provisions that Plaintiffs challenge have not changed in any of the amendments, and Plaintiffs' Memorandum refers to the page numbers in the original June 1 NOFO, which appears in the administrative record at pages AR 5006–5133. The section number for each Challenged Provision remains the same in the amended version of the NOFO.

of Management and Budget (OMB) has imposed on FY 2026 CoC funding. Plaintiffs respectfully request final relief as soon as possible to conclusively resolve the challenges to the FY 2026 NOFO so that HUD can proceed with making awards on lawful terms that faithfully implement the program that Congress created—and ensure that FY 2026 awards are not significantly delayed. In all events, Plaintiffs respectfully request relief before HUD makes awards—which HUD is required to do by December 1.

Plaintiffs request the following relief:

**<u>Summary Judgment.</u>** Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs move for partial summary judgment with respect to Counts 1–3, 6–8, and 11 of their Complaint, which represent all the remaining live claims relating to the award of FY 2026 funding for the CoC program.[3] Plaintiffs request that the Court:

1) Sever, vacate, set aside, and declare unlawful the Challenged Provisions of the FY 2026 NOFO, as set forth in the Appendix of Challenged Provisions of the FY 2026 NOFO accompanying this Motion;

2) Permanently enjoin Defendants HUD and Secretary Scott Turner, their agents, and all persons acting in concert or participation with them from applying any of the Challenged Provisions, as set forth in the Appendix of Challenged Provisions of the FY 2026 NOFO accompanying this Motion, when making FY 2026 Continuum of Care awards, including by applying those Provisions when making selections or requiring awardees to adhere to those Provisions when performing their projects;

3) Permanently enjoin Defendants HUD and Secretary Scott Turner, their agents, and all persons acting in concert or participation with them from making Tier 2 awards—including obligating funds or announcing awards—to projects that applicants ranked in Tier 2 of their applications or otherwise pursuant to Steps (3) through (7) of the Funding Process in Section V.D.2.a of the NOFO, until HUD has provided a new

[3] Pursuant to the judgment of the First Circuit, Plaintiffs agree to dismissal with prejudice of Counts 2 and 4 to the extent that those claims are based on Defendants' failure to engage in notice and comment before providing a "bonus" or "other incentive" under 42 U.S.C. § 11386b(d). Plaintiffs continue to pursue the remaining portions of Count 2. In the interest of streamlining proceedings, Plaintiffs hereby withdraw, and agree to dismissal without prejudice of, the remaining portion of Count 4, as well as Counts 5, 9, and 10. Plaintiffs maintain Count 12—which relates to the separate issue of HUD's delays in awarding FY 2025 CoC funds—but do not currently move for summary judgment on that claim.

opportunity to submit Tier 2 applications to a NOFO without the Set-Aside provisions in place;

4) Require Defendants HUD and Secretary Scott Turner to submit, within 7 days of the Court's order, a Compliance Report that (a) describes Defendants' plans for making Tier 1 awards without applying the Challenged Provisions, including the anticipated timing of those awards and the steps Defendants will undertake to ensure that the agency does not consider or otherwise apply the Challenged Provisions when making Tier 1 awards and (b) describes Defendants' plans for making Tier 2 awards without applying the Set-Aside or other Challenged Provisions, including the steps Defendants will undertake to provide applicants a new opportunity to submit Tier 2 applications, when that application period will open and conclude, and the steps Defendants will undertake to ensure that the agency does not consider or otherwise apply the Challenged Provisions when making Tier 2 awards; and require those Defendants to submit updated Compliance Reports every 7 days thereafter providing updates on those topics, until all Tier 1 and Tier 2 awards are announced;

5) Require Defendants HUD and Secretary Scott Turner, within 7 days after making Tier 1 awards and within 7 days after making Tier 2 awards, to file a final Compliance Report in which a responsible official at HUD attests under penalty of perjury that HUD did not consider or otherwise apply any of the Challenged Provisions when making those awards;

6) Declare unlawful footnotes A1 and A2 that Defendant OMB appended to the apportionment of funding for Homeless Assistance Grants, TAFS 086-0192 2026/2028, providing, respectively, that "[a]s permissible by law, amounts apportioned for competitive grants only shall be obligated with award agreements that include terms and conditions consistent with the directives provided in: Executive Order 14332, 'Improving Oversight of Federal Grantmaking'" and that "[a]s permissible by law, amounts apportioned, but not yet obligated as of the date of this apportionment, shall be obligated consistent with the directives provided in: Executive Order 14321, 'Ending Crime and Disorder on America's Streets'" (Apportionment Footnotes); and

7) Permanently enjoin Defendants OMB and OMB Director Russell Vought, their agents, and all persons acting in concert or participation with them from reimposing the Apportionment Footnotes' restrictions on the Homeless Assistance Grants account.

With this request, Plaintiffs no longer seek vacatur of the entire NOFO and instead seek vacatur of the individual unlawful provisions, which can be severed pursuant to the NOFO's express severability clause. With the unlawful provisions severed and vacated, HUD can proceed to award a substantial amount of funding—funding for projects that applicants have ranked in "Tier 1" of their applications—on the basis of existing applications.

In particular, the NOFO creates a two-tier application process, under which CoCs rank their project applications into two tiers. Tier 1 funding—representing approximately 60 percent of available funds—is separate from the NOFO's unlawful $1.3 billion set-aside for new transitional housing and supportive-services-only projects (Set-Aside), and the requested relief would not prevent HUD from expeditiously making Tier 1 awards. HUD can make those awards without delay, just without applying the invalidated provisions.

The requested relief would require HUD to provide a new opportunity to apply for Tier 2 awards, however, because that is necessary to provide effective relief from the NOFO's unlawful Set-Aside. The existence of the Set-Aside thoroughly distorted what communities included in Tier 2 of their applications, and would thoroughly distort what awards are made unless communities have an opportunity to submit new Tier 2 applications.

**Preliminary Relief.** In addition, to ensure that Defendants do not make awards before this Court can rule on summary judgment, and to protect Plaintiffs from irreparable harm, Plaintiffs respectfully request preliminary relief under 5 U.S.C. § 705 and a preliminary injunction. Specifically, Plaintiffs request that the Court:

1) Stay the FY 2026 NOFO pursuant to 5 U.S.C. § 705, such that HUD cannot make awards, including by obligating funds or announcing awards, under it; and

2) Preliminarily enjoin Defendants HUD and Secretary Turner, their agents, and all persons acting in concert or participation with them from making awards, including by obligating funds or announcing awards, under the FY 2026 NOFO.

In support of this motion, Plaintiffs rely on the accompanying memorandum, declarations filed at Dkt. Nos. 30-4 through 30-13 and 33-2, excerpts of Administrative Record, the pleadings and papers on file in this action, and any argument and evidence presented at the hearing of this motion.

Pursuant to Local Rule 7(c), Plaintiffs request oral argument for this motion to the extent that the Court would deem it helpful.

September 30, 2026

Respectfully submitted,

/s/ Kristin Bateman
Kristin Bateman *
(DC Bar No. 90037068)
Madeline H. Gitomer *
(DC Bar No. 1023447)
Christine L. Coogle *
(DC Bar No. 1738913)
Carrie Y. Flaxman *
(DC Bar No. 458681)
Robin Thurston *
(DC Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
mgitomer@democracyforward.org
ccoogle@democracyforward.org
cflaxman@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

Amy R. Romero
(RI Bar No. 8262)
Kevin Love Hubbard *
(MA Bar No. 704772)
Lawyers' Committee for Rhode Island
56 Pine Street, Suite 200
Providence, RI 02903
(401) 238-3953
amy@lawyerscommitteeri.org
kevin@lawyerscommitteeri.org

*Counsel for All Plaintiffs*

Toby Merrill *^
(MA Bar No. 601071)
Cassandra Crawford *^
(NC Bar No. 45396)
Graham Provost *^
(DC Bar No. 1780222)
Kayla Svihovec *^
(DC Bar No. 1735588)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
Toby.Merrill@publicrightsproject.org
Cassandra.Crawford@publicrightsproject.org
Graham.Provost@publicrightsproject.org
Kayla.Svihovec@publicrightsproject.org

*Counsel for Plaintiffs City of Boston, City of Cambridge, Martin Luther King, Jr. County, Metropolitan Government of Nashville and Davidson County, and City of Tucson*

Lynette Labinger
(RI Bar No. 1645)
128 Dorrance Street, Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

Tony LoPresti *
(CA Bar No. 289269)
County Counsel
Kavita Narayan *
(CA Bar No. 264191)
Chief Assistant County Counsel
Meredith A. Johnson *
(CA Bar No. 291018)
Lead Deputy County Counsel
Stefanie Wilson *
(CA Bar No. 314899)
Deputy County Counsel
Leily Arzy *
(CA Bar No. 364187)
Litigation Fellow
70 West Hedding Street, East Wing
Ninth Floor
San José, CA 95110-1770
(408) 299-5900
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org
leily.arzy@cco.sccgov.org

*Counsel for Plaintiff County of Santa Clara*

John K. Whitaker *
(TN BPR No. 039207)
Senior Counsel
109 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
john.whitaker@nashville.gov

*Counsel for Plaintiff Metropolitan Government of Nashville and Davidson County*

* Admitted *pro hac vice*
^ Admitted in listed states but not licensed to practice law in California.

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

Antonia K. Fasanelli *
(DC Bar No. 481856)
National Homelessness Law Center
1400 16th Street, NW, Suite 425
Washington, DC 20036
(202) 638-2535
afasanelli@homelesslaw.org

*Counsel for Plaintiffs National Alliance to End Homelessness and National Low Income Housing Coalition*

Christopher M. Sanders *
(WA Bar No. 47518)
General Counsel to the King County Executive
Cristy J. Craig *
(WA Bar No. 27451)
Senior Deputy Prosecuting Attorney
Mika Rothman *
(WA Bar No. 55870)
Deputy General Counsel
Office of the King County Prosecuting Attorney
401 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1163
chrsanders@kingcounty.gov
cristy.craig@kingcounty.gov
mrothman@kingcounty.gov

*Counsel for Plaintiff Martin Luther King, Jr. County*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2026, I electronically filed the within document, and it is available for viewing and downloading from the Court's CM/ECF System, and that the participants in the case that are registered CM/ECF users will be served electronically by the CM/ECF system.

/s/ Kristin Bateman
Kristin Bateman