# APPENDIX
# CHALLENGED PROVISIONS OF THE FY 2026 NOFO

## TABLE OF CONTENTS

I. Set Aside ........ A1

II. Service Requirements Criteria ........ A2

III. Anti-Harm Reduction Provisions ........ A4

IV. Law Enforcement Criteria ........ A6

V. Self Sufficiency Criteria ........ A7

VI. Subjective "Risk Review" and "Additional Factor" Criteria ........ A8

VII. Non-Statutory Threshold Criteria ........ A9

VIII. Discriminatory Disability Priority ........ A10

IX. Bonus Limits ........ A11

X. E.O. Conditions ........ A11

# I. Set-Aside

*In Excess of Statutory Authority (Count 1)*
*Contrary to Law (Count 2)*
*Arbitrary and Capricious (Count 3)*

| NOFO Section and Provision | Description | Page(s)[1] |
|---|---|---|
| **Sec. III.F.1**<br>Program History | Explains the "NOFO provides a set-aside of $1,300,000,000 for new projects with a priority for Transitional Housing and Supportive Services Only projects." | AR 5040–41<br>(NOFO 35–36)<br>*37 |
| **Sec. V.D.2.a(3)-(7)**<br>Selection Process: Conditional Selection and Adjustments to Funding | Sets forth steps in the selection process that implement the Set-Aside:<br>**"(3)** HUD will then review DV Bonus projects (this does not include DV Reallocation or the renewal of projects originally funded under the DV Bonus) already selected for funding through the above process and determine whether $104,000,000 has been awarded to DV Bonus projects:<br>**(a)** If at least $104,000,000 has been selected for conditional award no further action is needed.<br>**(b)** If $104,000,000 has not been selected for conditional award – HUD will continue down the list and fund additional DV Bonus projects by project-level score until at least $104 million has been selected.<br>**(4)** HUD will then review Permanent Housing projects for families with children already selected for funding through the above process and determine whether $430,000,000 has been awarded to Permanent Housing projects that serve families with children:<br>**(a)** If at least $430,000,000 has been selected for | AR 5093–94<br>(NOFO 88–89)<br>*91–92 |

[1] U.S. Dep't of Housing and Urban Dev't, *FY 2026 Continuum of Care Competition and Youth Homelessness Demonstration Program Grants NOFO*, No. CPD-2600-DC-0025. HUD issued this NOFO on June 1, 2026, and subsequently amended it twice, with the latest amendment on September 18, 2026. The provisions that Plaintiffs challenge, and their section numbers, have not changed in any of the amendments, and Plaintiffs' Memorandum refers to the page numbers in the original June 1 NOFO, which appears in the administrative record (AR) at pages AR 5006–5133. For ease of reference, this Appendix provides three sets of page numbers: **(1)** the AR page(s) on which the provision appears; **(2)** the corresponding NOFO page(s) of that June 1, 2026 NOFO, and **(3)** the page(s) on which the provision appears in the latest Sept. 18, 2026 NOFO, which are the page numbers marked with an asterisk.

| | | |
|---|---|---|
| | conditional award no further action is needed.<br>**(b)** If $430,000,000 has not been selected for conditional award – HUD will continue down the list and fund additional Permanent Housing for families with children projects by project-level score until at least $430 million has been selected.<br>**(5)** HUD will then select new Transitional Housing (TH) or Supportive Service Only (SSO) projects ranked in Tier 2 that meet project eligibility thresholds in the order of project score as described in section V.D.3.b below until $1,300,000,000 of new projects have been selected.<br>**(6)** HUD will then continue selecting new projects ranked in Tier 2 that meet project eligibility thresholds in the order of project score as described in section V.D.3.b below until $1,300,000,000 of new projects have been selected.<br>**(7)** If at any point, HUD selects new projects in an amount more than $1,300,000,000 HUD will remove all remaining unselected new projects, recalculate Tier 2 scores, and continue selecting projects." | |

## II. Service Requirements Criteria

*Arbitrary and Capricious (Count 3)*

| NOFO Section and Provision | Description | Page(s) |
|---|---|---|
| **Sec. V.D.3.b(3)**<br>Selection Process: Tier 2, Service Participation | "*Service Participation.* Up to 10 points for projects that indicate that they have or will incorporate supportive service participation requirements in their program design, based on individual need in accordance with 24 CFR 578.75(h). Supportive Service Only (SSO) and HMIS will automatically receive 10 points in this category." | AR 5095<br>(NOFO 90)<br>*93 |
| **Sec. V.B.1.c(7)**<br>Merit Review: CoC Coordination and Engagement, Participation Requirements for Supportive Services | "Demonstrate that housing projects (TH, PH-PSH, PH-RRH, and Joint projects) require program participants to take part in supportive services (e.g. case management, employment training, substance use disorder treatment) in line with 24 CFR 578.75(h) by providing direct language from supportive service agreements (contract, occupancy agreement, lease, or equivalent).<br>• 100% of CoC housing projects have participation requirements (8 points). | AR 5084<br>(NOFO 79)<br>*81–82 |

| | | |
|---|---|---|
| | • 50% of CoC housing projects have participation requirements (4 of the 8 points)” | |
| **Sec. V.B.1.c(5)**<br>Merit Review: CoC Coordination and Engagement, Treatment and Recovery Services | “Demonstrate that for every 2 persons reporting chronic substance use in the CoC’s most recent PIT count, there is at least 1 CoC-funded unit that requires program participant engagement in substance abuse treatment services as a condition of continued participation in the program in accordance with 24 CFR 578.75. List the projects the units are part of. The units may be existing renewals or newly proposed under this NOFO.<br>• At least 1 unit per 2 persons = 6 points<br>• At least 1 unit per 4 persons = 3 points” | AR 5083<br>(NOFO 78)<br>*80–81 |
| **Sec. V.A.4.c(4)(a)**<br>Threshold Review: New Project Threshold, Transitional Housing | “[P]rovide individualized services for program participants during their time in Transitional Housing that will result in at least 20 hours per week of engagement in services, activities or employment for all program participants, except for a program participant over age 62 or who is an individual with handicaps as defined in 24 CFR 8.3 or a with a developmental disability as defined under 24 CFR 578.3 (examples of services or activities include case management, counseling, treatment, volunteering, work therapy, education, job training, community building activities, etc.) Employment may contribute to the 20 hours per week of engagement. The project description provided here does not constitute a reporting or documentation requirement.<br>Indicate that the proposed project will create service plans for each program participant that include: the services to be provided, when and how often services will be provided, by whom all services will be provided; program participant goals, strategies for achieving those goals, and target dates for achievement to focus on improved health and wellness, housing stability, and increased employment income leading to financial stability and self-sufficiency.” | AR 5068–69<br>(NOFO 63–64)<br>*66 |
| **Sec. V.A.4.c(4)(e)**<br>Threshold Review: New Project Threshold, Permanent Housing | “The type of supportive services and assistance that will be offered to program participants will ensure that the participant is able to successfully obtain and retain permanent housing and in a manner that fits their needs (e.g. transportation, safety planning, enhanced case management). If the applicant is proposing to expand an existing PH project, it must demonstrate how they are | AR 5072<br>(NOFO 67)<br>*69 |

| | | |
|---|---|---|
| | expanding supportive services to program participants, including where appropriate, on-site supportive services." | |
| **Sec. V.A.4.c(4)(e)** Threshold Review: New Project Threshold, Rapid Rehousing | "The type of supportive services and assistance that will be offered to program participants (e.g., case management, substance use treatment, mental health treatment, and employment assistance) will ensure that the participant is able to successfully obtain self-sufficiency and exit homelessness." | AR 5072–73<br>(NOFO 67–68)<br>*70 |

## III. Anti-Harm Reduction Provisions

*In Excess of Statutory Authority (Count 1), with respect to Safe Drug Use Certification and Safe Drug Use Condition*
*Arbitrary and Capricious (Count 3)*

| NOFO Section and Provision | Description | Page(s) |
|---|---|---|
| **Sec. V.B.2.b** Merit Review, Advancing Recovery by Prohibiting Illicit Drug Enablement | "Apart from the required selection criteria, you may receive up to ten (10) points if you can describe the policy or statement the CoC has in place to ensure that all housing projects submitted by the CoC will not operate drug injection sites or 'safe consumption sites,' knowingly distribute drug paraphernalia on or off property under their control, knowingly permit the use or distribution of illicit drugs on property under their control, or conduct, permit, encourage, or allow any of these activities under the pretext of 'harm reduction.' None of the above constitute a requirement that program participants must be sober in order to receive assistance, participate in treatment in order to receive assistance, or be evicted or exited from assistance for a first-time violation of a drug-related program policy or lease requirement, although those practices may be allowable under 24 CFR 578. Full points will be awarded for a description of a clear CoC policy or statement in addition to affirmative certifications in section V.A.4.a.(6) for all projects submitted by the CoC.<br>To receive full points, the policy or statement must:<br>**(1)** Prohibit CoC-funded housing projects from operating drug injection sites or 'safe consumption sites,' knowingly distributing drug paraphernalia on or off property under their control, knowingly permitting the use or distribution of illicit drugs on property under their | AR 5090<br>(NOFO 85)<br>*87–88 |

| | | |
|---|---|---|
| | control, or conducting any of these activities under the pretext of 'harm reduction;' **(2)** Describe what remedies will be taken for CoC-funded housing projects determined by the CoC to be in violation of the above; | |
| **Sec. V.A.4.a(6)** Threshold Review: Project Eligibility Threshold | **<u>Safe Drug Use Certification:</u>** "Project applicants must certify affirmatively to the following: … The project applicant will not operate drug injection sites or 'safe consumption sites' in violation of 21 U.S.C. 856(a)(1), knowingly permit the use or distribution of illicit drugs on property under their control in violation of 21 U.S.C. 856(a)(2), or knowingly distribute drug paraphernalia in violation of 21 U.S.C. 863. This is consistent with the objectives outlined in Section III.B above and is consistent with the requirements of 2 CFR 200.300(a). This certification is not a requirement that program participants must be sober in order to receive assistance, participate in treatment in order to receive assistance, or be evicted or exited from assistance for a first-time violation of a drug-related program policy or lease requirement." | AR 5065<br>(NOFO 60)<br>*62–63 |
| **Sec. VII.A.3** Post-Award Requirements and Administration | **<u>Safe Drug Use Condition:</u>** "Awards made under this NOFO will not be used to fund any project, service provider, or organization that operates illegal drug injection sites or 'safe consumption sites' in violation of 21 U.S.C. § 856, knowingly permit the use or distribution of illicit drugs on property under their control in violation of 21 U.S.C. 856(a)(2), or knowingly distribute drug paraphernalia in violation of 21 USC 863." It further states that "[t]his is not a requirement that program participants must be sober in order to receive assistance, participate in treatment in order to receive assistance, or be evicted or exited from assistance for a first-time violation of a drug-related program policy or lease requirement." | AR 5113<br>(NOFO 108)<br>*112 |

## IV. Law Enforcement Criteria

*Arbitrary and Capricious (Count 3)*
*Contrary to the Constitution (Count 8), with respect to Local Policies Criterion*
*First Amendment – Free Speech Clause (Count 11), with respect to Local Policies Criterion*

| NOFO Section and Provision | Description | Page(s) |
|---|---|---|
| **Sec. V.A.4.c(4)(c)**<br>Threshold Review: New Project Threshold, Supportive Services Only Standalone | "Demonstrate that the applicant has a history of, or a plan for, partnering with first responders and law enforcement to engage people living in places not meant for human habitation to access emergency shelter, treatment programs, reunification with family, transitional housing or independent living. The applicant must cooperate and not interfere or impede with the enforcement of local laws such as public camping and public drug use laws and assist/be willing to assist first responders in their efforts to engage homeless individuals." | AR 5070<br>(NOFO 65)<br>*68 |
| **Sec. V.B.1.c(11)**<br>Merit Review: CoC Coordination and Engagement, Street Outreach, Law Enforcement and First Responders | "Street Outreach projects (including co-response) cooperate with first responders and law enforcement to increase positive interactions in order to increase housing and service engagement and promote use of CoC services." | AR 5085<br>(NOFO at 80)<br>*82-83 |
| **Sec. V.B.1.c(14)**<br>Merit Review: CoC Coordination and Engagement, Protecting Public Safety | <u>**Local Policies Criterion:**</u><br>"CoCs should:<br>Demonstrate, by providing evidence, that the CoC cooperates and does not interfere with or impede local efforts to advance the objective below, and assists first responders in providing services to homeless individuals.<br><br>Identify local laws, policies, or other practices that help or hinder the CoC's ability to advance the objectives below and provide a plan explaining how the CoC will leverage beneficial policies while overcoming the harmful effects of restrictive ones. If you cannot provide any mitigating steps, please explain why. Include qualitative and quantitative details in your response.<br>• Quickly clear tents and encampments on public property and connect individuals who are | AR 5085–86<br>(NOFO at 80–81)<br>*83-84 |

| | | |
|---|---|---|
| | camping in public with appropriate services. In your response, describe the current status of tents and encampments in the CoC's geographic area.<br>● Decrease the public use of illicit drugs and quickly connect individuals who are using illicit drug in public with appropriate services and/or law enforcement. In your response, describe the current status of overdoses and illicit drug use in public spaces in the CoC's geographic area.<br>● Utilize standards that address homeless individuals who are a danger to themselves or others (e.g., involuntary commitment.)<br>● Comprehensively share information, including location information, in accordance with the Sex Offender Registry and Notification Act (SORNA).<br><br>The CoC should maintain records reflecting the analysis performed in response to this rating criteria." | |

## V. Self-Sufficiency Criteria

*In Excess of Statutory Authority (Count 1)*
*Contrary to Law (Count 2)*
*Arbitrary and Capricious (Count 3)*

| NOFO Section and Provision | Description | Page(s) |
|---|---|---|
| **Sec. I.A.1**<br>NOFO Summary | "Self-sufficiency, consistent with the purposes of the McKinney-Vento Act, 42 U.S.C. § 11381(4), means the ability to meet basic needs, including a place to live, without public or private assistance. This is consistent with dictionary definitions of the term. The Oxford English Dictionary defines self-sufficiency as the 'state or condition of not needing or relying on external assistance, support, or aid.' Similarly, Merriam-Webster defines self-sufficient as 'able to maintain oneself or itself without outside aid: capable of providing for one's own needs.'" | AR 5011<br>(NOFO at 6)<br>*6 |
| **Sec. V.A.4.b.(1)(c)**<br>Threshold Review: | HUD will "assess projects using the following criteria on a pass/fail basis:" | AR 5066<br>(NOFO at 61) |

| | | |
|---|---|---|
| Renewal Project Threshold | "**(c)** the project applicant's performance in assisting program participants to achieve and maintain self-sufficiency and independent living and records of success, except dedicated HMIS projects are not required to meet this standard;" | *63 |
| **Sec. V.C**<br>Risk Review, Results | the risk review identifies as a "sufficient and independent basis" for rejection:<br>"Ability to promote self-sufficiency and economic independence." | AR 5092<br>(NOFO at 87)<br>*89 |

## VI. Subjective "Risk Review" and "Additional Factor" Criteria

*In Excess of Statutory Authority (Count 1)*
*Arbitrary and Capricious (Count 3)*

| NOFO Section and Provision | Description | Page(s) |
|---|---|---|
| **Sec. V.C**<br>Risk Review, Past Performance, Results | Identifies as a "sufficient and independent basis" to reject projects:<br>• "Ability to promote self-sufficiency and economic independence,"<br>• "History of illegal discrimination, including illegal racial discrimination"<br>• "History of subsidizing or facilitating illicit drug use or other illicit activities that conflict with the purposes of this NOFO"<br>• "Public sources like news reports" | AR 5091–92<br>(NOFO at 86–87)<br>*89 |
| **Sec. V.D**<br>Selection Process | HUD "may also consider" factors including:<br>• "The scope of the overall projected impact on the program and administrative goals and priorities in this NOFO,"<br>• "Likelihood that the proposed project will result in the benefits expected"<br>• "Broad range of recipients beyond recurrent recipients" | AR 5092<br>(NOFO 87)<br>*90 |

## VII. Non-Statutory Threshold Criteria

*In Excess of Statutory Authority (Count 1)*
*Contrary to Law (Count 2)*

| NOFO Section and Provision | Description | Page(s) |
|---|---|---|
| **Sec. V.A.4.c(4)(a)** Threshold Review: New Project Threshold, Transitional Housing | "The applicant has previously operated or currently operates transitional housing or another homelessness project, or has a plan in place to ensure that at least 50 percent of participants exit to a positive destination within 24 months and at least 50 percent of participants exit with employment income as reflected in HMIS or another data system used by the applicant." | AR 5068<br>(NOFO 63)<br>*65 |
| **Sec. V.A.4.c(4)(a)** Threshold Review: New Project Threshold, Transitional Housing | "[P]rovide individualized services for program participants during their time in Transitional Housing that will result in at least 20 hours per week of engagement in services, activities or employment for all program participants, except for a program participant over age 62 or who is an individual with handicaps as defined in 24 CFR 8.3 or a with a developmental disability as defined under 24 CFR 578.3 (examples of services or activities include case management, counseling, treatment, volunteering, work therapy, education, job training, community building activities, etc.) Employment may contribute to the 20 hours per week of engagement. The project description provided here does not constitute a reporting or documentation requirement.<br><br>Indicate that the proposed project will create service plans for each program participant that include:<br>• the services to be provided, when and how often services will be provided, by whom all services will be provided;<br>• program participant goals, strategies for achieving those goals, and target dates for achievement to focus on improved health and wellness, housing stability, and increased employment income leading to financial stability and self-sufficiency." | AR 5068–69<br>(NOFO 63–64)<br>*66 |
| **Sec. V.A.4.c(4)(c)** Threshold Review: New Project Threshold, Supportive Services | "Demonstrate that the applicant has a history of, or a plan for, partnering with first responders and law enforcement to engage people living in places not meant for human habitation to access emergency shelter, treatment | AR 5070<br>(NOFO at 65)<br>*68 |

| | | |
|---|---|---|
| Street Outreach | programs, reunification with family, transitional housing or independent living. The applicant must cooperate and not interfere or impede with the enforcement of local laws such as public camping and public drug use laws and assist/be willing to assist first responders in their efforts to engage homeless individuals." | |
| **Sec. V.A.4.c(4)(e)**<br>Threshold Review: New Project Threshold, Rapid Rehousing | Must show:<br>• "The provision of tenant-based rental assistance will help individuals and families achieve self-sufficiency [as defined by the NOFO] within 24 months";<br>• "The type of supportive services and assistance that will be offered to program participants (e.g., case management, substance use treatment, mental health treatment, and employment assistance) "will ensure that the participant is able to successfully obtain self-sufficiency [as defined in the NOFO] and exit homelessness";<br>• "The applicant has previously operated or currently operates a homelessness project where, or has a plan in place to have, at least 50 percent of participants exit to permanent housing within 24 months and at least 50 percent of participants exit with employment income as reflected in HMIS or another data system used by the applicant, or has a plan in place to ensure this." | AR 5072–73<br>(NOFO at 67–68)<br>*70 |

## VIII. Discriminatory Disability Priority

*In Excess of Statutory Authority (Count 1)*
*Contrary to Law (Count 2)*
*Arbitrary and Capricious (Count 3)*

| NOFO Section and Provision | Description | Page(s) |
|---|---|---|
| **Sec. III.B.3**<br>Goals and Objectives, Restoring Balance to the Continuum of Care | "Individuals who are likely to never be able to return to the workforce—over 62 years old, physically disabled, developmentally disabled—should be prioritized for Permanent Supportive Housing." | AR 5035<br>(NOFO at 30)<br>*31 |

## IX. Bonus Limits

*Arbitrary and Capricious (Count 3)*

| NOFO Section and Provision | Description | Page(s) |
|---|---|---|
| **Sec. II.B.3.c(1)-(4)** Eligible Applications, CoC Bonus Project | The NOFO imposes the following limitations on the CoC Bonus:<br>• "(1) The CoC Bonus amount for a Split CoC that is not a New Tribal CoC will be no less than $250,000 and no more than $3,000,000;<br>• (2) The CoC Bonus for a Merged CoC will be no less than $750,000 and no more than $10,000,000;<br>• (3) The CoC Bonus for a CoC that is neither a Split CoC nor a Merged CoC will be no less than $500,000 and no more than $5,000,000.<br>• (4) The CoC Bonus for a New Tribal CoC will be no less than $500,000 and no more than $5,000,000." | AR 5016–17<br>(NOFO at 11–12)<br>*11–12 |

## X. E.O. Conditions

*In Excess of Statutory Authority (Count 1)*
*Contrary to Law (Count 2), with respect to the "Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government" and "Improving Oversight of Federal Grantmaking" E.O. ("Gender Ideology" E.O.) Conditions*
*Arbitrary and Capricious (Count 3)*
*Contrary to the Constitution (Count 8), with respect to the "Gender Ideology" E.O. Conditions*
*First Amendment – Free Speech Clause (Count 11), with respect to the "Gender Ideology" E.O. Conditions*

| NOFO Section and Provision | Description | Page(s) |
|---|---|---|
| **Sec. VII.A, Administrative 9** Post-Award Requirements and Administration | Awardees "must follow … Presidential Executive Actions affecting federal financial assistance programs<br>• Executive Order (EO) 14332 (Improving Oversight of Federal Grantmaking)<br>• EO 14303 (Restoring Gold Standard Science) | AR 5111–12<br>(NOFO at 106–07)<br>*110–111 |

| | | |
|---|---|---|
| | • EO 14219 (Ensuring Lawful Governance and Implementing the President's "Department of Government Efficiency" Deregulatory Initiative)<br>• EO 14218 (Ending Taxpayer Subsidization of Open Borders)<br>• EO 14202 (Eradicating Anti-Christian Bias)<br>• EO 14205 (Establishment of the White House Faith Office)<br>• EO 14182 (Enforcing the Hyde Amendment)<br>• EO 14173 (Ending Illegal Discrimination and Restoring Merit-Based Opportunity)<br>• EO 14168 (Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government)<br>• EO 14151 (Ending Radical and Wasteful Government DEI Programs and Preferencing); and<br>• EO 14148 (Initial Rescissions of Harmful Executive Orders and Actions)" | |
| **Sec. VII.A, Civil Rights and Other Protections 13** Post-Award Requirements and Administration | Awardees "must follow … Executive Order 14218, *Ending Taxpayer Subsidization of Open Borders*" | AR 5112<br>(NOFO at 107)<br>*110–11 |