November 24, 2026

VIA ECF
The Honorable Mary S. McElroy
United States District Court for the District of Rhode Island
One Exchange Terrance
Providence, RI 02903

Re: *National Alliance to End Homelessness v. HUD*, No. 26-cv-436-MSM-AEM; *Washington v. HUD*, No. 26-cv-439-MSM-AEM

Dear Judge McElroy:

The *NAEH* Plaintiffs and State Plaintiffs appreciate the Court's thorough Memorandum and Order issued on November 20, 2026, and write to respectfully request (1) a modification of the deadline for CoCs to submit new Tier 2 applications and (2) a clarification regarding Tier 1 awards. Plaintiffs and Defendants attempted to reach agreement on a unified proposal on changes to the Order's deadlines, but were not able to in the time available.

**Tier 2 application deadline.** Plaintiffs respectfully request that the Court modify the deadline for CoCs to submit new Tier 2 applications as set forth below. Submitting a new Tier 2 application by the current December 1 deadline is unworkable because, to avoid the distorting effects of the Set-Aside, CoCs must first run a new local competition. The Set-Aside heavily influenced the local competitions that CoCs already ran for FY 2026 funding. Because the Set-Aside made it so unlikely that permanent housing would be funded, many CoCs did not even accept applications for new permanent housing, and some even limited the types of existing permanent housing projects that could apply for renewal. And even where they were not excluded from the competition, some individual projects did not apply given the overwhelming odds that they would not be selected. As a result, for many CoCs, it does not help to simply make new selections from their existing application pool—because the Set-Aside thoroughly distorted which projects are in that pool. Instead, they must run a new local competition that gives permanent housing a fair chance to compete.

Doing that takes time. CoCs must (1) design, write up, and announce the terms of the new local competition; (2) allow time for providers to prepare and submit project applications; (3) review and score those applications; (4) determine how to rank those projects in light of community priorities; and (5) prepare a new community-wide application to HUD. Given all these steps—and the existence of several major upcoming holidays—CoCs need at least 60 days to submit their new Tier 2 applications.

That process, moreover, cannot begin in earnest until HUD announces the terms of the new Tier 2 competition to applicants. While the Court's Order makes clear what terms must be stricken and which terms remain, the hundreds of CoCs across the country cannot confidently understand those terms just by comparing the Court's Order to the existing NOFO; HUD will need to communicate to the field the terms as they now stand and provide an actual mechanism for CoCs to apply. There will also inevitably be some ambiguities that HUD will need to clear

up, like whether CoCs must redo the portion of their applications that address the CoC as a whole or just the portions about the specific projects the CoC is now selecting.

Plaintiffs therefore make two requests relating to Tier 2 applications. First, Plaintiffs request that the Court establish a date certain for HUD to announce the terms of the new Tier 2 competition in light of the Court's Order. Plaintiffs respectfully suggest that this date be set as December 4, 2026. Second, Plaintiffs request that the Court modify the deadline for HUD to accept new Tier 2 applications such that CoCs have a 60-day period to apply after HUD makes that announcement. Thus, if HUD announces the terms of the new Tier 2 competition on December 4, 2026, the deadline for CoCs to reapply would be February 2, 2027.

Plaintiffs recognize that this means that HUD will not make Tier 2 awards until some existing grants have started to expire. (Plaintiffs note, however, that HUD reported last year that less than 10 percent of CoC program grants expire between January and March. *See* Declaration of Caitlyn M. McKenney, Ex. A, *NAEH v. HUD*, No. 25-cv-636 (Dkt. No. 68-1)). But that is the lesser of two evils here. If the new Tier 2 applications are due sooner, many CoCs will not have time to adequately prepare a new Tier 2 application. And that will all but guarantee that a large number of their existing projects will lose funding for good—causing far more harm than a few months' delay in funding. Without more time to reapply, Plaintiffs and Plaintiff Associations' members will continue to suffer devastating harms from the Set-Aside.

**Tier 1 awards.** Consistent with Plaintiffs' request, the Order allows HUD to make Tier 1 awards on the basis of existing applications (just without applying the vacated conditions). Order at 16–17, 57. Plaintiffs respectfully request that the Court clarify that the "Tier 1 awards" that HUD may make on the basis of existing applications are awards to projects *that CoCs listed* in Tier 1 of their applications, and not projects that *HUD* may have moved up into a CoC's Tier 1. In the ordinary course, if HUD disqualifies a project that a CoC ranked in Tier 1, HUD will shift the CoC's entire ranked listing of projects up, such that project(s) that the CoC included in their Tier 2 now fall within Tier 1. But, as the Court acknowledged, the Set-Aside distorted the projects that CoCs included in their Tier 2. Order at 15–16. Given that circumstance, if HUD makes a Tier 1 award to any project that the CoC had listed in Tier 2, the Set-Aside would have continued deleterious effects. Plaintiffs therefore respectfully request that the Court clarify that HUD may now make Tier 1 awards only to projects that CoCs themselves ranked in their Tier 1, and that any remaining awards may be made only after CoCs have a chance to submit a new Tier 2 application.

Sincerely,

<u>/s/ Kristin Bateman</u>

Kristin Bateman *
(DC Bar No. 90037068)
Madeline H. Gitomer *
(DC Bar No. 1023447)
Christine L. Coogle *
(DC Bar No. 1738913)
Carrie Y. Flaxman *
(DC Bar No. 458681)

Amy R. Romero
(RI Bar No. 8262)
Kevin Love Hubbard *
(MA Bar No. 704772)
Lawyers' Committee for Rhode Island
56 Pine Street, Suite 200
Providence, RI 02903
(401) 238-3953

Robin Thurston *
(DC Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kbateman@democracyforward.org
mgitomer@democracyforward.org
ccoogle@democracyforward.org
cflaxman@democracyforward.org
rthurston@democracyforward.org

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

Toby Merrill *^
(MA Bar No. 601071)
Cassandra Crawford *^
(NC Bar No. 45396)
Graham Provost *^
(DC Bar No. 1780222)
Kayla Svihovec *^
(DC Bar No. 1735588)
Public Rights Project
490 43rd Street, Unit #115
Oakland, CA 94609
(510) 738-6788
Toby.Merrill@publicrightsproject.org
Cassandra.Crawford@publicrightsproject.org
Graham.Provost@publicrightsproject.org
Kayla.Svihovec@publicrightsproject.org

*Counsel for Plaintiffs City of Boston, City of Cambridge, Martin Luther King, Jr. County, Metropolitan Government of Nashville and Davidson County, and City of Tucson*

Tony LoPresti *
(CA Bar No. 289269)
County Counsel
Kavita Narayan *
(CA Bar No. 264191)
Chief Assistant County Counsel
Meredith A. Johnson *
(CA Bar No. 291018)
Lead Deputy County Counsel

amy@lawyerscommitteeri.org
kevin@lawyerscommitteeri.org

*Counsel for All Plaintiffs*

Lynette Labinger
(RI Bar No. 1645)
128 Dorrance Street, Box 710
Providence, RI 02903
(401) 465-9565
ll@labingerlaw.com
Cooperating counsel, ACLU Foundation of RI

*Counsel for Plaintiffs National Alliance to End Homelessness, National Low Income Housing Coalition, Crossroads RI, and Youth Pride, Inc.*

Antonia K. Fasanelli *
(DC Bar No. 481856)
National Homelessness Law Center
1400 16th Street, NW, Suite 425
Washington, DC 20036
(202) 638-2535
afasanelli@homelesslaw.org

*Counsel for Plaintiffs National Alliance to End Homelessness and National Low Income Housing Coalition*

Christopher M. Sanders *
(WA Bar No. 47518)
General Counsel to the King County Executive
Cristy J. Craig *
(WA Bar No. 27451)
Senior Deputy Prosecuting Attorney
Mika Rothman *
(WA Bar No. 55870)
Deputy General Counsel
Office of the King County Prosecuting Attorney
401 5th Avenue, Suite 600
Seattle, WA 98104
(206) 477-1163
chrsanders@kingcounty.gov
cristy.craig@kingcounty.gov
mrothman@kingcounty.gov

Stefanie Wilson *
(CA Bar No. 314899)
Deputy County Counsel
Leily Arzy *
(CA Bar No. 364187)
Litigation Fellow
70 West Hedding Street, East Wing
Ninth Floor
San José, CA 95110-1770
(408) 299-5900
meredith.johnson@cco.sccgov.org
stefanie.wilson@cco.sccgov.org
leily.arzy@cco.sccgov.org

*Counsel for Plaintiff County of Santa Clara*

*Counsel for Plaintiff Martin Luther King, Jr. County*

John K. Whitaker *
(TN BPR No. 039207)
Senior Counsel
109 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219
(615) 862-6341
john.whitaker@nashville.gov

*Counsel for Plaintiff Metropolitan Government of Nashville and Davidson County*

* Admitted *pro hac vice*
^ Admitted in listed states but not licensed to practice law in California

**NICHOLAS W. BROWN**
Attorney General of Washington

*/s/ Andrew R.W. Hughes*
ANDREW R.W. HUGHES
ALIANA KNOEPFLER
ZANE MULLER
Assistant Attorneys General
CRISTINA SEPE
Deputy Solicitor General
800 Fifth Avenue, Suite 2000
P.O. Box TB-14
Seattle, WA 98104-3188
206-464-7744
Andrew.Hughes@atg.wa.gov
Aliana.Knoepfler@atg.wa.gov
Zane.Muller@atg.wa.gov
Cristina.Sepe@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

**LETITIA JAMES**
Attorney General of New York

*/s/ Stephen C. Thompson*
RABIA MUQADDAM
Chief Counsel for Federal Initiatives
COLLEEN K. FAHERTY
Special Trial Counsel
STEPHEN C. THOMPSON
Special Counsel
28 Liberty Street
New York, NY 10005
212-416-6183
Rabia.Muqaddam@ag.ny.gov
Colleen.Faherty@ag.ny.gov
Stephen.Thompson@ag.ny.gov
Victoria.Ochoa@ag.ny.gov
*Attorneys for Plaintiff State of New York*

**PETER F. NERONHA**
Attorney General of Rhode Island

*/s/ Jordan G. Mickman*
KATHRYN M. SABATINI (RI Bar No. 8486)
Chief, Civil Division

Special Assistant Attorney General
JORDAN G. MICKMAN (RI Bar No. 9761)
Unit Chief, Civil and Community Rights
Special Assistant Attorney General
LEONARD GIARRANO IV (RI Bar No. 10731)
Special Assistant Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400, Ext. 2079
Ksabatini@riag.ri.gov
Jmickman@riag.ri.gov
Lgiarrano@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*