**U.S. Department of Justice**

*Civil Division*
*Federal Programs Branch*

*1100 L St NW*
*Washington, D.C. 20012*

November 24, 2026

**BY ECF**
The Honorable Mary S. McElroy
United States District Court for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

Re: *National Alliance to End Homelessness v. HUD*, No. 26-cv-436-MSM-AEM; *Washington v. HUD*, No. 26-cv-439-MSM-AEM

Dear Judge McElroy:

We represent Defendants in the above-captioned case. We write at the Court's invitation to address deadlines set by the Court's November 20, 2026 order.

First, Defendants request that the Court vacate the December 1 deadline to make Tier 1 awards. As the Court is aware, Defendants were prepared to make Tier 1 awards by December 11 prior to the order. The Court's order has affected Tier 1 awards, and HUD requires time to evaluate Tier 1 awards and issue them consistent with the Court's order. Indeed, Plaintiffs appear to recognize that the Court's order may have affected Tier 1 funding. ECF 51 at 2. Accordingly, the Court should vacate the December 1 deadline and instead permit the parties to proceed by submitting status reports to the Court. If the Court does proceed by setting a deadline for Tier 1 awards, it should set the date no earlier than December 11.

Second, the Court should not order a date certain for reopening the competition. Defendants will reissue a NOFO to provide clarity to applicants given the changes to the competition as a result of the Court's order. This process will take time. It requires that Defendants parse the order to strike any vacated provisions and revise any that are indirectly impacted. Once the new NOFO is drafted, HUD must obtain the required approvals within the agency and from the Office of Management and Budget. Finally, HUD must port the NOFO's contents into grants.gov for publication. In an extremely expedited scenario, this entire process takes several weeks. But even once that is done, HUD's contractor must update the application portal with the appropriate scripts and coding to support the revised NOFO, which itself can take 2–4 weeks. Only once this is done can applicants submit their applications. As a result, by no means would Defendants be able to issue a NOFO by Plaintiffs' proposed December 4th date. *See* ECF 51 at 1. Accordingly, the Court should vacate the deadline for application submissions and allow the parties to proceed through status reports. But if the Court does proceed by setting a deadline for reopening the competition, it should set that deadline as no earlier than January 5, 2027.

It is Defendants' position that there should not be any deadlines at all, as will be detailed in the forthcoming stay motion. Defendants respectfully request the Court to vacate or modify the

December 1 deadline immediately to avoid the need for emergency appellate relief over the holiday weekend.

Respectfully,

JONATHAN D. GUYNN
Acting Assistant Attorney General

AMBER RICHER
Assistant Branch Director

By: /s/ *Michael Bruns*

Michael Bruns
Trial Attorney
Federal Programs Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, DC 20005
Telephone: 202-514-4011
Email: michael.bruns@usdoj.gov

cc: All Counsel of Record (via ECF)